*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0018P (6th Cir.)
File Name: 03a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

JESUS GARCIA-MEZA,
  *Defendant-Appellant.*

No. 01-1831

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 00-00274—Robert Holmes Bell, Chief District Judge.

Argued: October 15, 2002

Decided and Filed: January 15, 2003

Before: MARTIN, Chief Circuit Judge; RYAN, Circuit
  Judge; COHN, Senior District Judge.[*]

---

**COUNSEL**

**ARGUED:** Kevin M. Schad, SCHAD & COOK, Indian
Springs, Ohio, for Appellant. Joan E. Meyer, ASSISTANT
UNITED STATES ATTORNEY, Grand Rapids, Michigan,

---

[*]The Honorable Avern Cohn, Senior United States District Judge for
the Eastern District of Michigan, sitting by designation.

1

for Appellee.  **ON BRIEF:**  Kevin M. Schad, SCHAD & COOK, Indian Springs, Ohio, for Appellant.  John C. Bruha, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

MARTIN, C. J., delivered the opinion of the court, in which RYAN, J., joined.  COHN, D. J. (p. 7), delivered a separate dissenting opinion.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Chief Circuit Judge.  Jesus Garcia-Meza appeals his conviction and sentence for violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 on four grounds.  First, he argues that the United States breached a plea agreement in failing to advocate for the base offense level stipulated to by the parties.  Second, Garcia-Meza argues the district court erred in allowing sentence enhancement for "organizer/leader" under the Sentencing Guidelines Section 3B1.1.  Third, he argues the district court erred in denying an acceptance of responsibility adjustment under the Sentencing Guidelines Section 3E1.1.  Finally, he argues his trial counsel provided ineffective assistance during the plea and at sentencing.  For the following reasons, we AFFIRM Garcia-Meza's conviction and sentence.

I.

In December of 2000, Garcia-Meza was indicted for distribution of approximately a kilogram of cocaine.  This indictment was the result of transactions between Garcia-Meza and a confidential source for the United States.  The transactions involved a proposed sale of marijuana, with a sample provided to the confidential source, and the actual sale of a kilogram of cocaine.  On February 22, 2001, Garcia-Meza entered into a plea agreement with the United States.  As a part of the agreement, the parties stipulated that the base offense level for the offense was twenty-six.  The United

_____

**DISSENT**

_____

AVERN COHN, Senior District Judge, dissenting.  I dissent.  Since I am of the view that the record at sentencing plainly reflects ineffective assistance of counsel, I would vacate the sentence and remand for a new sentencing hearing with defendant represented by new counsel.  I see no need on the sentencing record to wait for a 28 U.S.C. § 2255 motion to deal with the issue of ineffective assistance of counsel at sentencing.  Alternatively I would defer decision to await the decision of the United States Supreme Court in *Massaro v. United States*, 27 Fed. Appx. 26 (2d Cir. 2001) (unpublished opinion), *cert. granted,* 2002 WL 799846 (U.S. Oct. 1, 2002) (No. 01-1559).

It merits noting that there is no inherent inconsistency in granting adjustment for substantial assistance and denying adjustment for acceptance of responsibility, as happened in this case. In *United States v. Williams*, 176 F.3d 301, 308 (6th Cir. 2000), we said, "Williams's acceptance of responsibility is not the same as substantial assistance (even if sometimes lack of the former is used to bolster an argument for failing to depart on the latter), and his three-level reduction for acceptance of responsibility in no way obligates the government to ask for a departure." One adjustment does not necessitate the other.

The final and more difficult question is Garcia-Meza's claim that he was ineffectively represented by counsel at the arraignment and at sentencing. As we have noted, Garcia-Meza waived many arguments by failing to object at various stages. Garcia-Meza now claims those mistakes amounted to ineffective assistance of counsel. While Garcia-Meza has perfected this question, he cannot raise it at this time. We generally will not rule on ineffective assistance of counsel claims raised for the first time on direct appeal. *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000). *See also United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992); and *United States v. Pruitt, et al*, 156 F.3d 638, 646 (6th Cir. 1998). "Claims of ineffective assistance of counsel usually must be addressed first by the district court pursuant to a motion under 28 U.S.C. § 2255." *Hall*, 200 F.3d at 965.

The dissent maintains that the record in this case demonstrates ineffective assistance of counsel so clearly that Garcia-Meza need not first file a Section 2255 motion. We disagree. The record does not fully explain counsel's behavior, and we are left to speculate as to whether that behavior was tactical or signified ineptitude. We cannot now decide Garcia-Meza's ineffective assistance of counsel claim.

### III.

For the preceding reasons, we AFFIRM Garcia-Meza's conviction and sentence.

States further agreed not to file a supplemental request to enhance the sentence based on prior convictions.

The presentence report generated by the Probation Department recommended a base offense level of twenty-six, with a two-level upward adjustment for Garcia-Meza's role in the offense as a leader or organizer. The report also determined that Garcia-Meza was a career offender, which increased the offense level to thirty-four. The Probation Department recommended no adjustment for acceptance of responsibility because Garcia-Meza "minimized and denied relevant conduct."

Prior to sentencing, the United States filed a motion for a downward departure of two levels in sentencing based on Garcia-Meza's substantial assistance with the United States's investigations. At sentencing, on June 13, 2001, Garcia-Meza made no objection to the guideline calculations in the presentence report. The district court agreed with the report, and he set the offense level at thirty-four. He granted the United States's motion for a two-level downward departure for substantial assistance, and he sentenced Garcia-Meza to eighteen years, within the guideline range of seventeen years, six months, and twenty-one years, ten months.

### II.

Garcia-Meza potentially waived his first three arguments in failing to make objections at the sentencing proceedings to the alleged breach of the plea agreement, to the upward adjustment for role in the offense, and to the failure to adjust for acceptance of responsibility. In *United States v. Cullens*, we said, "If the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in waiver." 67 F.3d 123, 124 (6th Cir. 1995). This Court has also said, "Where, as here, a criminal defendant has failed to object below, he or she must demonstrate that the error was plain . . . before we may exercise our discretion to correct the error." *United States v.*

*Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998). We therefore review the district court's decisions in these matters for plain error.

Turning first to the matter of the plea agreement, it does not appear that the plea agreement was breached. We agree that "a plea bargain is contractual in nature," *United States v. Herrera,* 928 F.2d 769, 771 (6th Cir. 1991), and in *United States v. Robison*, this Court stated, "Where a defendant fulfills his promise in entering a guilty plea, the prosecution is bound to fulfill any promise made in exchange." 924 F.2d 612, 613 (6th Cir. 1991). Garcia-Meza argues that the United States breached its plea agreement with him when it did not argue at sentencing for the offense level of twenty-six, and as a result, he is entitled to enforcement of that agreement and an offense level of twenty-six. What Garcia-Meza misunderstands, however, is that the plea agreement merely stipulated that the *base* offense level would be twenty-six, as it was in the presentence report. The *total* offense level was thirty-four. Thus there was no breach of the plea agreement.

The second issue is whether the district court committed plain error in giving Garcia-Meza a two-level upward adjustment for his role in the offense as a leader or organizer under Section 3B1.1. Garcia-Meza argues that the evidence the Probation Department relied upon in recommending the sentence enhancement was not relevant conduct, and even if it were relevant conduct, there was no proof Garcia-Meza was the leader. The Probation Department found that Garcia-Meza directed the activities of Vicky Rios-Sanchez and "Josh" Sanchez in the drug transactions that form the basis of the offense and found this evidence to be relevant conduct for the purposes of Section 3B1.1. Garcia-Meza made objection to neither this recommendation as contained in the presentence report nor to its consideration at the time of sentencing. Federal Rule of Criminal Procedure 32(b)(6)(D) states, "Except for any unresolved objection under subdivision (b)(6)(B) [which covers the objections made to the presentence report], the court may, at the hearing, accept the presentence report as its findings of fact. For good cause

shown, the court may allow a new objection to be raised at any time before imposing sentence." Because Garcia-Meza made no objections, the district court did not commit plain error in accepting the presentence report's recommendation for enhancement.

Similarly, the district court did not commit plain error in accepting the presentence report's recommendation that Garcia-Meza be denied an adjustment for acceptance of responsibility. In contrast to the second claim, Garcia-Meza did object to the presentence report's characterization of his acceptance of responsibility. The presentence report included a copy of this and other objections, and the report included an addendum that stated that "[t]hese matters were resolved to the satisfaction of the parties." Federal Rule of Criminal Procedure 32 states,

**(c) Sentence.**
**(1) Sentencing Hearing.** At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report . . . . For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.

We have held that failure to make these findings is plain error, remanding to the district courts for re-sentencing. *See United States v. Parrott*, 148 F.3d 629 (6th Cir. 1998); *United States v. Edgecomb*, 910 F.2d 1309 (6th Cir. 1990). Garcia-Meza again did not object to the acceptance of responsibility recommendation, and the district court made no error in accepting the presentence report as the court's findings.