NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0613n.06
Filed: August 22, 2006

No. 05-1353

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| HECTOR LUCERO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GILMAN and SUTTON, Circuit Judges; HOOD, District Judge.*

SUTTON, Circuit Judge. In sentencing Hector Lucero for reentering the country after being deported for committing an aggravated felony offense, the district court enhanced his sentence on the ground that one of his prior convictions—violating a state drug-solicitation statute—qualified as a "drug trafficking offense." *See* U.S.S.G. § 2L1.2(b)(1)(A). While Lucero did not challenge this enhancement below, he does so on appeal. Because the district court did not plainly err in making the enhancement, we affirm.

I.

_____

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 05-1353
*United States v. Lucero*

In June 1989, Lucero pleaded guilty in Los Angeles County to soliciting a minor to sell drugs, an aggravated felony under California law. *See* Cal. Health & Safety Code § 11380. After serving his sentence, the United States deported him on January 9, 1991. Lucero eventually reentered the United States without authorization, and the authorities eventually arrested him for doing so. In October 2004, Lucero pleaded guilty to reentering the United States as a removed alien. *See* 8 U.S.C. § 1326(b)(2) (preventing aliens who have been deported for committing an aggravated felony from reentering the United States).

In his plea agreement, Lucero acknowledged that his prior conviction involved an aggravated felony. As a result of this concession, the presentence report recommended that Lucero's offense level initially be increased to 16. In describing Lucero's state-law conviction for soliciting a minor to sell drugs, the presentence report stated that "[o]fficers conducting an undercover drug sting purchased $10.00 worth of 'crack' cocaine from [Lucero]." JA 67. The report then concluded that this conviction amounted to a drug-trafficking offense with a sentence exceeding 13 months and that, accordingly, his offense level should be increased an additional 8 points to 24. *See* U.S.S.G. § 2L1.2(b)(1)(A).

The district court adopted the presentence report's recommendations and calculated Lucero's offense level at 24. It also determined that he had a criminal history of VI, giving Lucero a guidelines range of 100 to 125 months. The court imposed a 100-month sentence.

II.

On appeal, Lucero argues that the district court improperly calculated his guidelines sentencing range. As he sees it, his California-law conviction was not a drug-trafficking offense and accordingly his offense level should have been 16, not 24.

The first problem with this argument is that Lucero did not raise it below. The presentence report explained that after "[o]fficers conducting an undercover drug sting purchased $10.00 worth of 'crack' cocaine from [him]," Lucero pleaded guilty to violating § 11380 of the California Health and Safety Code. JA 67. The report then noted that this offense qualified as "an aggravated felony, as defined by . . . U.S.S.G. § 2L1.2(b)(1)(A)." JA 55. After receiving the presentence report, Lucero did not object to this characterization of the California offense. He instead issued a "general objection," JA 76, complaining about the timeliness and remoteness of virtually all of his prior convictions (including this one) and about the descriptions of several of them (though not including this one).

At sentencing, the judge and Lucero's attorney agreed that Lucero was making the following objections to the presentence report: (1) that a parole-violation conviction was too remote in time to be considered in sentencing him; (2) that the dates of another conviction conflicted with the date of his deportation; (3) that all of his prior convictions were too remote in time to be considered; and (4) that two convictions were scored incorrectly. Because none of these objections had any legal or factual support and because "[e]very single thing he [said was] contradicted by" the record, the

judge—without further objection from Lucero's counsel—denied all of Lucero's objections. JA 41. Though Lucero objected to details in the descriptions of a number of his prior convictions, he never objected to the repeated descriptions of his § 11380 conviction as a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A).

In proposing a sentence for Lucero, the district court explained that it intended to impose a drug-trafficking enhancement under U.S.S.G. § 2L1.2(b)(1)(A). The court then asked Lucero if there were "any reasons why the tentative sentence should not be [imposed]." JA 48. Lucero's attorney answered, "No, Your Honor." *Id.*

"If the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance." *United States v. Garcia-Meza*, 315 F.3d 683, 686 (6th Cir. 2003) (internal quotation marks omitted). Had Lucero objected to this characterization of his § 11380 offense, the government may well have been able to produce documentation from the California conviction (say, the plea colloquy or the indictment) to clarify the nature of the conviction. After all, when Lucero raised objections to other convictions, the government produced the requisite documentation to quell Lucero's concerns. Because Lucero failed to object in the district court to the characterization of his § 11380 conviction as a drug-trafficking offense, he must establish plain error to obtain relief on appeal. *See United States v. McBride*, 362 F.3d 360, 373 (6th Cir. 2004) ("Absent plain error, this Court will not address claims of alleged misapplication[s] of the [sentencing] guidelines unless the defendant first raised the claim before the district court.").

The second problem with Lucero's appeal is that he cannot establish plain error. To clear this hurdle to obtaining appellate relief, the defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights" and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466 (1997) (internal quotation marks omitted).

The district court did not plainly err in treating the California-law conviction as a "drug trafficking offense" under the guidelines. According to the guidelines, a drug-trafficking offense is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, n.1(B)(iv). And according to the guidelines' application notes, drug-trafficking offenses "include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." *Id*. n.5.

Section 11380 of the California Health and Safety Code in turn provides that "[e]very person . . . who *solicits*, induces, encourages, or intimidates any minor with the intent that the minor shall violate any provision of this article involving those controlled substances *or* who unlawfully *furnishes*, offers to furnish, or attempts to furnish those controlled substances to a minor shall be punished by imprisonment in the state prison for a period of three, six, or nine years." (Emphasis added). An individual thus may violate § 11380 by "soliciting" a minor to peddle certain drugs or by "furnishing" a minor with them.

As an initial matter, Lucero has failed to show plain error because one method of violating the statute—"furnishing" a minor with controlled substances—satisfies the definition of a drug-trafficking offense, which covers the "distribut[ion]" of controlled substances. U.S.S.G. § 2L1.2 n.1(b)(iv). Because one method of violating § 11380 meets the definition of a drug-trafficking offense and because Lucero has offered no indication that his California conviction did not involve this prong of the statute, he has failed to show that the district court's reliance on this conviction prejudiced him or otherwise "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 520 U.S. at 466.

Had the California offense involved only the solicitation prong of the statute, we acknowledge, the disposition of this claim would be less obvious. In *United States v. Dolt*, we considered whether a conviction for violating a solicitation prohibition under Florida laws amounted to a controlled-substance offense under the career-offender enhancement, an enhancement provision that defines a drug-trafficking offense in the same way that U.S.S.G. § 2L1.2 does. 27 F.3d 235, 237 (6th Cir. 1994). The Florida statute at issue in *Dolt* applied to a person who "commands, encourages, hires, or requests" another to commit an offense under Florida laws, Fla. Stat. § 777.04, while the California statute at issue here applies to a person who "solicits, induces, encourages, or intimidates" a minor to commit a controlled-substance offense under California laws, Cal. Health & Safety Code § 11380. In *Dolt*, we held that a conviction under the Florida solicitation statute did not satisfy the elements of a controlled-substance offense because the list of examples of this offense

in the application notes (aiding and abetting, conspiracy, and attempt) did not include solicitation. *Id.* at 238–39.

Were this case before us under the traditional rules of appellate review, as opposed to plain-error review, and were it true that the California law applied only to solicitations, like the Florida law, we would be obliged to follow *Dolt.* And that is true even though the decision has been criticized for failing to appreciate that the commentary's list of related crimes is meant to be exemplary ("includ[ing]"), not exhaustive. *See United States v. Shumate*, 329 F.3d 1026, 1030–31 (9th Cir. 2003) ("In guideline parlance the term 'includes' is not exhaustive. . . . With all due respect, we think that the path of development of the law in the Sixth Circuit has involved it in the inconsistency . . . [that] somehow, the 'include' clause does not exclude solicitation from crimes of violence, [*see United States v. Walker*, 181 F.3d 774, 781 (6th Cir. 1999)], but does exclude solicitation from controlled substance offenses, [*see Dolt*]. We simply do not agree.") (internal quotation marks and brackets omitted).

But this case is before us on plain-error review, and as we have persuasively held before in this context, that makes all the difference. "*Dolt* . . . illustrate[s] the highly technical nature of the question involved," *United States v. Wicks*, No. 95–5478, 1997 U.S. App. LEXIS 11798, at *9 (6th Cir. May 15, 1997), precluding the possibility that the answer can "fairly be described as 'clear or obvious,' and we certainly cannot say that the district court was 'derelict' in failing to reach a [particular] conclusion . . . . Under our plain error standard of review, therefore, the defendant's sentence must be affirmed," *id*. Regardless of whether the solicitation element of § 11380 qualifies

as a drug-trafficking offense, Lucero's sentence must be affirmed because he, like the defendant in *Wicks*, did not object to the district court's characterization of his offense—a characterization that falls squarely within the definition of a drug-trafficking offense.

Lucero's failure to raise this objection below and his failure to satisfy the stringent requirements of plain-error review necessarily dispose of his final argument—that the alleged error in calculating his guidelines sentencing range violated the procedural requirements of *Booker*. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (holding that a district court's incorrect calculation of a guidelines sentencing range may violate *Booker*).

### III.

For these reasons, we affirm.