*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0028P (6th Cir.)
File Name: 00a0028p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

    *v.*

STANLEY HALL (98-5936);
REX HALL (98-5937),
   *Defendants-Appellants.*



Nos. 98-5936/5937

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 98-00007—Karl S. Forester, District Judge.

Argued and Submitted: November 4, 1999

Decided and Filed: January 19, 2000

Before: MARTIN, Chief Judge; DAUGHTREY, Circuit
Judge; KATZ, District Judge.*

---

 *The Honorable David A. Katz, United States District Judge for the
Northern District of Ohio, sitting by designation.

————————————

**COUNSEL**

**ARGUED:**  William K. Fulmer II, Erlanger, Kentucky, for Appellant.  Charles P. Wisdom, Jr., OFFICE OF THE U.S. ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:**  William K. Fulmer II, Erlanger, Kentucky, Dean A. Pisacano, HELLINGS & PISACANO, Covington, Kentucky, for Appellant.  Charles P. Wisdom, Jr., OFFICE OF THE U.S. ATTORNEY, Lexington, Kentucky, for Appellees.

————————————

**OPINION**

————————————

BOYCE F. MARTIN, JR., Chief Judge.  This is a case where two brothers, Rex and Stanley Hall, were poorly served by one attorney, David Van Horn.  The younger brother, Stanley Hall, was obviously led astray by his older brother. Even though both Rex and Stanley Hall waived their rights to separate counsel, this is one of the unusual cases where the court should have stepped in to ensure an adequate legal defense for Stanley Hall.

Rex and Stanley Hall appeal their convictions of conspiracy to possess with intent to distribute marijuana and cocaine in violation of 21 U.S.C § 846 and possession with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1).  Rex Hall claims his Sixth Amendment rights were violated when the district court denied his request for a continuance.  Stanley Hall claims he received ineffective assistance of counsel because Van Horn's dual representation constituted a conflict of interest in violation of the Sixth Amendment.  We affirm Rex Hall's conviction.  We reverse Stanley Hall's conviction and remand for a new trial.

On December 10, 1997, the Kansas Highway Patrol stopped a motor home driven by Howard Graham for a traffic

### III.

We AFFIRM the judgment as to Rex Hall.  We REVERSE the judgment as to Stanley Hall and REMAND for a new trial.

violation.  Inside the motor home the officers found 135 pounds of marijuana.  Graham claimed he had been paid to drive the motor home to Kentucky where he would call Fred Thornton and receive further instructions.  Graham agreed to work with the officers and contacted Thornton, who instructed him to go to a rest area to exchange vehicles.  At the rest area, Graham switched vehicles with Rex and Stanley Hall.  Officers followed the Halls to a farm where the Halls removed the marijuana.  When the officers approached the farm, Stanley Hall fled on foot but was apprehended shortly thereafter.  A search of the farm and house, which was leased by Rex Hall, revealed an additional 190 pounds of marijuana, 5 kilograms of cocaine, and cash in a safe.

From the beginning of the proceedings both Rex and Stanley Hall were represented by David Van Horn.  The district court, on multiple occasions, informed the Halls that dual representation could result in a conflict of interest.  Both Halls elected to continue with the same counsel.  The United States petitioned the court for a hearing on the joint representation conflict issue.  The United States advised the court of several areas where potential conflicts existed including unsuccessful attempts to negotiate plea agreements, the defense's failure to request discovery, the potential conflict of defenses, and the disparity in sentences sought for the two defendants.  The court conducted a hearing the day before trial at which time Van Horn stated that if he was not allowed to represent both Halls, he wished to continue representing Rex Hall, for whom he had been counsel for years.  Stanley Hall again elected to continue with Van Horn, but the record remains cloudy as to whether Stanley understood the full ramifications of what he was doing.  Stanley Hall stated that he was "being advised by Van Horn, my lawyer, and I'll do whatever he advises me to do. . . . " The judge endorsed his decision by stating that "Mr. Van Horn is a very capable and a very good lawyer and he wouldn't be here if he didn't think he could represent both of you adequately because I've known him for a long time. . . ."

At trial Rex Hall asserted a public authority defense, claiming that he was operating as an informant for the government. Multiple government officials and law officers testified that while Rex had been an informant in the past, he was no longer working as an informant. Stanley testified he thought that his brother was an informant and that he was assisting in an undercover operation. The day before the close of the trial, Rex requested a continuance to obtain the presence of three witnesses who never testified. The judge granted his request until the beginning of the next day. Rex failed to mention the witnesses again.

The jury convicted Rex and Stanley Hall of conspiracy to possess with the intent to distribute marijuana and cocaine and possession with intent to distribute marijuana and cocaine. The court sentenced Rex Hall to life imprisonment and Stanley Hall to imprisonment for 10 years and one month. The conviction was Rex Hall's third and Stanley Hall's first. Both defendants made motions of acquittal to the trial court that were denied.

## I.

Rex Hall argues that the district court violated his Sixth Amendment rights by improperly denying him a continuance to secure the presence of three witnesses. The district court never addressed this claim because it was never properly made. "Constitutional objections 'that appear for the first time on appeal are conclusively deemed to be waived, with the effect that [the appellate court is] deprived of jurisdiction.'" *United States v. Scarborough*, 43 F.3d 1021, 1025 (6th Cir. 1994) (quoting *United States v. Crismon*, 905 F.2d 966, 969 (6th Cir.1990)). When Rex requested time to secure the missing witnesses, the court allowed him until the next day. The next day, Rex never mentioned the witnesses and failed to request further time to secure their presence. Because Rex did not raise his Sixth Amendment claim at any time during the district court proceedings, he has waived his right to object and thus we cannot entertain this claim on appeal.

drug conspiracy, a poorly phrased question to which Van Horn did not object. Neither side elaborated as to whether Stanley Hall's admission included the cocaine, just the marijuana or something else relating to the charge. During deliberations, the jury submitted a question to the court regarding Stanley Hall's role in the conspiracy:

> HELP. Both the prosecuting and defense attorneys stressed that Rex and Stanley were admitting guilt to both the marijuana and cocaine. We cannot remember direct evidence linking Stanley to the cocaine. Can the attorneys admitting full knowledge of both clients' knowledge serve as direct evidence or the lack of innocence not expressed by Stanley or Stanley's attorney serve as evidence? If there is any testimony under oath by Stanley or anyone else that provides a link, we would appreciate it.

The obvious confusion on the part of the jury and the lack of evidence should have indicated to the court not only that an actual conflict of interest existed, but also that the conflict had prejudiced Stanley Hall's defense. As stated in *Wheat v. United States*, 486 U.S. 153, 160 (1988):

> Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them . . . . Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation.

Because counsel was unable to vigorously represent both Stanley and Rex Hall, Stanley Hall has shown that an actual conflict of interest existed at trial such that the trial judge should have intervened and at that stage severed the case against Stanley Hall.

435 U.S. 475, 490 (1978) (finding that dual representation may prevent an attorney "from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution"). Van Horn failed to fully represent each defendant's interests, resulting in an actual conflict. While it was in Rex Hall's best interest to go to trial, it clearly was in Stanley Hall's interest to plead. Stanley Hall had no previous record and the plea agreement was a good one.

We have held that a conflict of interest alone is not sufficient to justify reversal of a conviction. *See Foltz*, 818 F.2d at 480. Counsel's performance must have been adversely affected by the conflict. *See id.* Inherent in the Sixth Amendment right to counsel is the right to reasonably competent counsel and the right to counsel's undivided loyalty. *See Strickland*, 466 U.S. at 692. In *Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978), the Court stated:

> Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing.... [A] conflict may ... prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.

When they finally went to trial, Van Horn's loyalty was obviously divided as to trial strategy. He concentrated only on Rex Hall and his public authority defense. Van Horn never questioned Stanley Hall about his connection to the cocaine found inside of Rex Hall's home; rather he addressed only whether Stanley Hall believed his brother was acting as an informant. Furthermore, he never questioned Rex Hall about Stanley's connection to any of the drugs. No evidence was presented in the United States's direct case demonstrating that Stanley Hall had any connection to the cocaine. The only evidence linking Stanley Hall to the cocaine was his affirmative answer to the United States's question on cross-examination whether he was admitting to involvement in the

Even if Rex Hall had properly made a motion to the district court for a continuance, he has failed to show why a continuance should have been granted. The standard of review for a district court's denial of a motion for continuance is abuse of discretion. *See United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997). A constitutional violation occurs only if the denial was an unreasonable and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay.... [T]he defendant must show that the denial resulted in actual prejudice in his defense." *Id.* at 487 (citations omitted). Actual prejudice requires proof that the continuance would have provided relevant witnesses or contributed to the defense. *See id.* Rex failed to show actual prejudice. In contrast, Rex Hall's attorney stated at trial that two of the desired witnesses had nothing to do with the case and that the third witness's testimony would only be cumulative. Absent proof that any of the witnesses would have been of some benefit, Rex's claim must fail and with it his defense.

## II.

Stanley Hall asserts his Sixth Amendment rights were violated because Van Horn's dual representation resulted in a conflict of interest. While Stanley made a motion of acquittal to the district court, he failed to address the ineffective assistance of counsel claim in the district court through a habeas corpus motion. Claims of ineffective assistance of counsel usually must be addressed first by the district court pursuant to a motion under 28 U.S.C. § 2255. *See United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999). As a general rule, this Court will not review claims of ineffective assistance of counsel for the first time on direct appeal. *See United States v. Thomas*, 74 F.3d 701, 715 (6th Cir. 1996). An exception exists, however, when the record is adequately developed to allow this Court to assess the merits of the issue. *See id.* In this case, the district court addressed the issue of dual representation several times, including at a hearing requested by the prosecutor. Because we are addressing Stanley's Sixth Amendment claim based on

ineffective assistance resulting from dual representation, the record is complete and allows us to review this issue *de novo*. *See id.*

Stanley Hall alleges that Van Horn's dual representation violated his Sixth Amendment rights. Dual representation, however, does not automatically constitute a Sixth Amendment violation. *See Thomas v. Foltz*, 818 F.2d 476, 482 (6th Cir. 1987). A defendant may waive any potential conflicts of interest and elect to continue with dual representation. *See United States v. Reese,* 699 F.2d 803, 804 (6th Cir. 1983). This waiver, however, does not bind the courts. The purpose of the Sixth Amendment "is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). While "[t]he District Court must recognize a presumption in favor of petitioner's counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Id*. at 164.

To analyze ineffective assistance of counsel claims, this Court applies the two-pronged standard in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show that (1) his counsel's performance was deficient, and (2) this performance prejudiced the defense thereby depriving the defendant of a fair trial. *See Foltz*, 818 F.2d at 480.

Conflict of interest cases involve a slightly different standard than that used in traditional ineffectiveness claims. *See id*. Where there is a conflict of interest, "counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties." *Strickland*, 466 U.S. at 692. Thus, when an actual conflict of interest exists, prejudice is presumed. *See id*. Prejudice is presumed, however, "only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* (quoting

*Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1985)). Thus, while the rule is rigid, it is not a *per se* rule. *See id.*

In *Thomas v. Foltz*, 818 F.2d 476, 481 (6th Cir. 1987), this Court adopted the standard set forth in *United States v. Mers,* 701 F.2d 1321, 1328 (11th Cir. 1983), to determine whether an actual conflict of interest exists:

> We will not find an actual conflict unless appellants can point to "specific instances in the record to suggest an actual conflict or impairment of their interests." . . . Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney "made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical." . . . There is no violation where the conflict is "irrelevant or merely hypothetical"; there must be an "actual significant conflict."

A conflict of interest was evident in Stanley Hall's case by Van Horn's failure to successfully negotiate a plea agreement. Prior to trial, the Halls each entered into plea agreements which were signed but withdrawn at the last moment. Under the plea agreement, Rex Hall would have received a life sentence with the option of earning a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553 (e), and Stanley Hall would have pled to between three years and ten months and four years and nine months rather than receiving the mandatory minimum sentence of ten years. Because this was Stanley Hall's first conviction and Rex Hall's third, the sentences were exorbitantly unequal. This Court recognized in *Foltz*, 818 F.2d at 481, the potential problems created by dual representation in connection with plea negotiations. In *Foltz*, the attorney was prevented from effectively engaging in any separate plea negotiations on one party's behalf without detrimentally affecting the co-defendants. *See id.* at 481-82. Foregoing plea negotiations is proof of an actual conflict of interest. *See id.*; *see also Holloway v. Arkansas*,