**Brian K. WASSON, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 02–2134.

United States Court of Appeals, Sixth Circuit.

March 21, 2003.

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.

*ORDER*

Brian K. Wasson, proceeding pro se, appeals a tax court decision. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 19, 2001, Wasson filed a pro se petition in the tax court, seeking review of a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" issued by the Internal Revenue Service ("IRS"). Wasson essentially asserted that: 1) he did not owe income tax for the 1995, 1996, and 1997 tax years; 2) the IRS had not properly notified him and had denied him a collection due process ("CDP") hearing; and 3) the IRS Appeals Officer did not properly verify that applicable laws and procedures were followed. After a trial, the tax court entered a decision which affirmed the Commissioner ("Commissioner") of Internal Revenue's decision to sustain the proposed collection action and which imposed sanctions in the amount of $2,500.

In his timely appeal, Wasson contests any tax liability, the denial of a CDP hearing, the court's refusal to continue the trial, and the imposition of the sanction.

As an initial matter, we decline to review Wasson's claims concerning the alleged lack of notice and lack of verification because Wasson does not reassert them on appeal and has thus abandoned them. *See Kocsis v. Multi–Care Mgmt.,* 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

This court reviews the tax court's conclusions of law de novo and its findings of fact for clear error. *MTS Intern., Inc. v. Commissioner,* 169 F.3d 1018, 1021 (6th Cir.1999).

Wasson first argues that he does not owe the assessed amount because insufficient evidence existed to support the assessment, the IRS did not conduct an audit necessary to determine any deficiency, and the IRS did not have the authority to file a substitute tax return on his behalf.

The tax court properly determined that Wasson was foreclosed from challenging the underlying tax liability. At a CDP hearing, a taxpayer may challenge "the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 28 U.S.C. § 6330(c)(2)(B). The tax court found that

Wasson had received a notice of deficiency, and Wasson did not contest this finding on appeal. As Wasson did receive notice of the deficiency and did not dispute the liability within 90 days, *see* 26 U.S.C. § 6213(a), he was barred from challenging the tax liability at trial. Furthermore, nothing in the tax code requires the IRS to conduct an audit before the determination of a deficiency, and the IRS does have statutory authority to file substitute tax returns for taxpayers who fail to file returns. *See* 26 U.S.C. § 6020(b)(1).

Wasson next argues that the IRS had denied him a CDP hearing in violation of due process. He contends that he had repeatedly spoken with the IRS and had requested a CDP hearing each time without success.

The tax court properly found that the IRS had afforded Wasson an opportunity for a CDP hearing for the reasons stated in its opinion. At trial, the government submitted into evidence the case activity log of Officer Wastian, after Wasson had requested a CDP hearing. The transcript reflects that Officer Wastian repeatedly tried to contact Wasson from January, 2001, through May, 2001, to no avail. Although Wasson argues on appeal that he contacted the IRS on numerous occasions, he did not present any evidence of contact at trial and he did not explain his lack of response to Officer Wastian.

Wasson next claims on appeal that his attorney "withdrew from the case while the case was at its apex," and that the court denied his request to continue the proceeding.

This court reviews the denial of a motion for a continuance for an abuse of discretion. *United States v. Hall*, 200 F.3d 962, 964 (6th Cir.2000). No abuse of discretion occurred as Wasson's argument is specious. At trial, Wasson initially complained that his attorney was supposed to have been there to represent him and that the tax court had denied his motion for a continuance either for a new attorney "or just some more time to prepare." But Wasson subsequently denied that he had ever hired an attorney. Moreover, all of Wasson's documents were filed pro se. As Wasson had no counsel, counsel could not have left at the apex of the case. Furthermore, Tax Court Rule 133 provides in part that "Continuances will be granted only in exceptional circumstances .... employment of new counsel ordinarily will not be regarded as ground for continuance." No exceptional circumstance existed here.

Last, Wasson argues that the tax court erred by imposing a sanction of $2,500. He attributes the sanction to a comment he made to the court reporter, asking her if he should keep talking so that she could make more money, and he notes that he apologized to the court for it.

The tax court did not abuse its discretion by imposing a sanction pursuant to 26 U.S.C. § 6673(a)(1). *See Wolf v. Commissioner*, 4 F.3d 709, 716 (9th Cir.1993). The tax court found that Wasson had instituted the proceeding to delay the government's collection actions as much as possible. The finding was based not only on Wasson's comment to the court reporter, but also on his failure to cooperate with Officer Wastian, his failure to adequately stipulate facts and documents, and his disingenuous and misleading testimony at trial. Review of the trial transcript and record supports the tax court's finding.

Accordingly, the tax court's decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.