**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Phillip SCHERER, Defendant–**
**Appellant.**

No. 04–3560.

United States Court of Appeals,
Sixth Circuit.

June 21, 2004.

Thomas P. Weldon, U.S. Attorney's Office for the Western Division, Toledo, OH, for Plaintiff–Appellee.

Phillip Scherer, Milan, MI, pro se.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

## ORDER

On December 12, 2003, the defendant was convicted on a plea of guilty of possession of a firearm by a felon. The defendant's appeal of the conviction is pending in this court as Case No. 04–3030. The defendant began serving his 24–month sentence on January 13, 2004. On March 30, 2004, the district court denied the defendant's motion for release on bail pending appeal. He now appeals the March 30 order and seeks release on bail pending his appeal. The government opposes the release of the defendant.

To establish entitlement to release pending appeal, the defendant must show 1) by clear and convincing evidence that he is

not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1); *United States v. Chilingirian,* 280 F.3d 704, 709 (6th Cir.2002); *United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir. 1985). This statute creates a presumption against release pending appeal. *United States v. Vance,* 851 F.2d 166, 168–69 (6th Cir.), *cert. denied,* 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988).

The defendant has not demonstrated that his appeal raises a substantial question sufficient to overcome the presumption against release pending appeal. His primary argument is that his trial counsel was ineffective. However, this court "generally will not rule on ineffective assistance of counsel claims raised for the first time on direct appeal." *United States v. Garcia–Meza,* 315 F.3d 683, 687 (6th Cir.), *cert. denied,* 538 U.S. 1065, 123 S.Ct. 2233, 155 L.Ed.2d 1120 (2003), *citing United States v. Hall,* 200 F.3d 962, 965 (6th Cir.2000). *See also United States v. Daniel,* 956 F.2d 540, 543 (6th Cir.1992); *United States v. Pruitt,* 156 F.3d 638, 646 (6th Cir.1998). "Claims of ineffective assistance of counsel usually must be addressed first by the district court pursuant to a motion under 28 U.S.C. § 2255." *United States v. Hall,* 200 F.3d at 965. Therefore, the defendant's claims of ineffective assistance of counsel do not support release on bail pending appeal.

The order of the district court denying release on bail pending appeal is AFFIRMED.