**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0117n.06
Filed: February 25, 2008

**No. 06-5242**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| COREY COMMODORE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

BEFORE: MOORE and GRIFFIN, Circuit Judges; and TARNOW, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Corey Commodore appeals his sentence of 57 months for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). This period of incarceration was to run consecutive to his state court sentence. Defendant argues that he received ineffective legal assistance and further argues that his sentence is unreasonable because the district court did not sufficiently address the factors listed in 18 U.S.C. § 3553(a). Because Commodore cannot demonstrate ineffective assistance on the basis of the factual record as presently developed, and because his sentence was procedurally and substantively reasonable, we affirm the judgment of the district court.

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

I.

During the early morning hours of April 14, 2005, Lexington police officers on patrol in a high crime area of the city observed a man approach a known drug house. The police stopped the man and asked him several questions, including his name. The man identified himself as Corey Lewis Commodore. One of the officers recognized Commodore and knew him as having a reputation for carrying a firearm. For safety purposes, the officers began to pat down Commodore, at which point he fled on foot. The officers pursued Commodore and eventually used a police taser to subdue him. The police found a loaded .357 magnum handgun in Commodore's coat pocket. The serial number on the handgun had been defaced, but the Bureau of Alcohol, Tobacco, and Firearms recovered the number and learned that the handgun was stolen. At the time of the instant offense, Commodore was on parole for two counts of armed robbery.

On July 7, 2005, an indictment was filed against defendant, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Because Commodore was in the custody of the Commonwealth of Kentucky, the district court entered a writ of habeas corpus ad prosequendum, ordering him delivered into federal custody.

Commodore was arraigned and assigned trial counsel. He entered into a guilty plea agreement wherein the parties jointly recommended a base offense level of 14. The agreement provided that the parties understood that the recommendation was not binding on the district court.

The agreement further stated that "Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution."

At the rearraignment, the district court informed Commodore that the government would read the relevant portions of the plea agreement and admonished Commodore to pay close attention. The government read through the plea agreement, paragraph by paragraph, explaining the effect of each of the provisions contained therein. As to paragraph six of the plea agreement, the government explained that "The United States and the defendant have together reviewed the sentencing guidelines, and we make our notations as to those guidelines in the calculations, although they are not binding upon the court.". The government noted that in paragraph nine of the agreement, "the defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." The government stated that at paragraph fifteen, the defendant and his attorney acknowledged that they understood the agreement, and affixed their signatures on the final page.

The district court asked Commodore's trial counsel if the government recounted the terms of the plea agreement accurately, to which he replied that they had. The district court then asked Commodore if the plea agreement, as read by the government, was consistent with his understanding of the agreement. Commodore replied that it was. The district court later addressed the waiver provision specifically, and informed Commodore "[n]ormally, you would have a right to appeal that sentence to the United States Court of Appeals for the Sixth Circuit, but as pointed out by [the United States], you've waived your right to appeal and/or collaterally attack that sentence. Do you

understand that?" Commodore answered in the affirmative. The district court additionally stated "if the sentence is more severe than you expect it, you'll still be bound by your plea and will have no right to withdraw it. Do you understand all that?" Commodore replied that he did. The district court then asked, "Do you have any questions about it?" to which Commodore answered that he did not. The district court asked if Commodore was sure, and he answered that he was. The district court accepted Commodore's plea, scheduled a sentencing hearing, and ordered that a Presentence Investigation Report ("PSR") be prepared.

The PSR stated that defendant's offense level as calculated by the parties was incorrect because Commodore had committed the instant offense subsequent to being convicted of a crime of violence. *See* U.S.S.G. § 2K2.1(a)(4)(A). The Pretrial Services Officer stated the base offense level was actually 20 which, after a two-point upward adjustment for an obliterated serial number, *see* U.S.S.G. § 2K2.1(b)(4) (2005), and a three-point downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a) and (b), yielded a total offense level of 19. This correction to the offense level moved the Guideline custody range from 30 to 37 months to 57 to 71 months. Both parties objected to the PSR, stating that while they did not believe the new calculation to be erroneous, they wished the court to impose a sentence in accord with the earlier Guideline calculation. The district court stated that the plea agreement was not binding on the court and sentenced Commodore to 57 months of imprisonment, with the sentence to run consecutive to the state sentence. Commodore then filed the instant appeal. The government moved to dismiss this appeal on the basis of Commodore's appellate waiver, which a panel of this court summarily denied.

II.

Commodore asserts that his trial counsel rendered ineffective assistance. To prevail on an ineffective assistance of counsel claim, Commodore must demonstrate that "'counsel's performance was deficient, and that the deficiency prejudiced the defense.'" *Haliym v. Mitchell*, 492 F.3d 680, 711 (6th Cir. 2007) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984))). Commodore argues that his counsel rendered ineffective assistance during plea negotiations, demonstrated by counsel's failure to adduce the proper base offense level for being a violent felon in possession of a firearm. The government contends that, even assuming Commodore can demonstrate ineffective assistance, he did not suffer prejudice because he declined the district court's invitation to withdraw his plea and proceed to trial. During oral argument, Commodore contended that he would have withdrawn his plea had he received adequate assistance from his trial counsel, and his failure to accept the district court's offer to withdraw resulted in prejudice.

We have generally declined to review claims of ineffective assistance of counsel on direct appeal because the record is usually insufficiently developed to address such a claim adequately. *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005) (citing *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir. 2001)). Instead, these claims are more appropriately raised in a postconviction proceeding brought pursuant to 28 U.S.C. § 2255. *Id.*; *see also Massaro v. United States*, 538 U.S. 500, 505 (2003) (noting that district courts are "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial."). An

exception to this general rule exists, however, when "the record is adequately developed to allow this Court to assess the merits of the issue." *Gardner*, 417 F.3d at 545 (quoting *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000)).

Commodore urges us to review his ineffective assistance claim, arguing that his counsel's deficiency is apparent from the record and requires no additional factfinding. Commodore argues that the proper base offense level could have easily been determined had counsel been sufficiently diligent because Commodore's offense level was based on either readily apparent or easily discoverable facts. Commodore argues that this mistake induced him to plead guilty. As his trial counsel explained in his objection to the PSR:

> The Defendant's voluntary plea, and waiver of certain rights (including, but not limited to, right to a trial by jury and right to appeal and/or collaterally attack any sentence), was based, in part, on discussions with undersigned counsel regarding sentencing matters, which expressly and explicitly concerned a sentencing guideline calculation using a Base Offense Level of 14.

Commodore therefore contends that, given the readily apparent error of his trial counsel, and his demonstrable reliance on such, the present record is sufficient to review on direct appeal.

This argument, however, even if meritorious, only concerns Commodore's claim of ineffective assistance of counsel as it relates to the improper base offense level calculation. Commodore has not argued that the factual record is sufficiently developed to permit review of his claim of ineffective assistance at the time of sentencing. The reasoning behind the decision not to withdraw Commodore's guilty plea is too murky to allow instant review. Here, we are not privy to whether Commodore and his counsel discussed the possibility of withdrawal of his plea, whether

Commodore expressed a desire to plead guilty regardless of counsel's advice, or whether the decision to plead guilty fell within the penumbra of sound trial strategy. Nor are we prepared to assume that Commodore would have withdrawn his plea based solely on his present representations. We simply cannot determine from the present record whether trial counsel's conduct during the sentencing hearing was objectively deficient.

Rather, in order to determine the merits of this claim, it is necessary to hear testimony from Commodore, subject him to cross examination, and perhaps hear testimony from the respective trial counsel. Such fact finding is best suited to a § 2255 proceeding because "'the district court hears spoken words [the appellate court] can see only in print and sees expressions [the appellate court] will never see . . . .'" *Massaro*, 538 U.S. at 506 (quoting *United States v. Griffin*, 699 F.2d 1102, 1109 (11th Cir. 1983)).

We therefore decline to decide Commodore's ineffective assistance claim and express no opinion as to its merits. We further encourage the district court to appoint counsel for Commodore in the event he chooses to proceed with a § 2255 motion claiming ineffective assistance of counsel.

III.

Finally, Commodore argues that the sentence imposed was unreasonable. When evaluating the reasonableness of a sentence, we consider "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). Our reasonableness inquiry is therefore comprised of both

substantive and procedural components. *Id.* "A sentence may be procedurally unreasonable if 'the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quoting *Webb*, 403 F.3d at 383. Likewise, "a sentence may [be] substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Ferguson*, 456 F.3d at 664 (quoting *Webb*, 403 F.3d at 385). Here, Commodore challenges his 57 month sentence as excessive and also argues that the district court did not adequately address his arguments as to why, in light of the various § 3553(a) sentencing factors, he was entitled to a shorter sentence. These arguments constitute a challenge to both the procedural and substantive aspects of defendant's sentence.

Turning first to the procedural reasonableness challenge, we note that a sentence imposed within the Guidelines, such as the one here, carries with it a rebuttable presumption of reasonableness. *United States v. McGee*, 494 F.3d 551, 555 (6th Cir. 2007) (citing *Rita v. United States*, 551 U.S. —, 127 S. Ct. 2456, 2462 (2007)). "This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Although the district court is required to weigh and examine the various 18 U.S.C. §3553(a) factors, its consideration of these factors "need not be evidenced explicitly." *United States v. Williams*, 436

F.3d 706, 708 (6th Cir. 2006). Indeed, we do not require "a ritualistic incantation of the 3553(a) factors it considers." *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) (citations omitted).

We have also recently held that when a defendant believes that the district court failed to sufficiently explain its rationale for the imposition of a particular sentence, yet did not lodge an objection when prompted by the district court, his subsequent challenge is to be reviewed for plain error. *United States v. Vonner*, — F.3d —, 2008 WL 320773, at *2-3 (6th Cir. Feb. 7, 2008) (en banc). Here, defendant was given an opportunity to object to the court's sentence at the end of the sentencing hearing. Defendant took this opportunity to reserve his earlier objections, wherein he urged the court to enforce the plea agreement as written, despite the agreement's errant calculation of the offense level. Defendant did not, however, object to the sufficiency of the court's explanation for the sentence imposed. Therefore, although defendant could have appealed the district court's decision as to his other objections, and indeed did, any challenge first made on appeal concerning the sufficiency of the court's explanation of the § 3553(a) must be reviewed for plain error. *Id.* (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)).

Here, the district court stated that it would consider the § 3553(a) factors and would additionally consider the parties' sentencing recommendation when determining an appropriate sentence. The district court also explained that it found Commodore's recidivism, particularly his history of repeated gun violence, as particularly deserving of a longer sentence. The district court additionally considered Commodore's argument for a concurrent sentence. The district court also

stated explicitly that it had considered the § 3553(a) factors before imposing the 57-month sentence consecutive to Commodore's state prison term.

We observe that the district court did not "'fail to calculate (or improperly calculat[e]) the Guidelines range, treat [ ] the Guidelines as mandatory, fail [ ] to consider the § 3553(a) factors, select a sentence based on clearly erroneous facts, or fail [ ] to adequately explain the chosen sentence.'" *United States v. Sexton*, 512 F.3d 326, 331 (6th Cir. 2008) (quoting *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597 (2007)). We therefore conclude that the district court did not commit any procedural error in calculating the 57-month sentence or imposing the term to run consecutive to the state sentence.

Commodore also argues that his sentence is substantively unreasonable in that it is too long considering the "victimless" nature of the relevant conduct. The Supreme Court has recently held that when a sentence is "procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 128 S. Ct. at 597; *see also Sexton*, 512 F.3d at 331. As we have already concluded that the district court did not procedurally err in formulating defendant's sentence, the only question left to resolve is whether the district court abused its discretion in imposing a 57-month sentence to run consecutive to the state sentence for the criminal conduct pled to by defendant.

Commodore's argument is that his offense was an essentially victimless crime and without concomitant drug activity or conspiracy. Defendant therefore believes that the properly calculated Guideline range of 57 to 71 months was "extremely harsh" and "not justified." The district court

rejected this assessment, finding the crime was not mere possession of a firearm, but possession of a firearm by a convicted felon, one that has a history of gun violence. The district court noted that Commodore had repeatedly failed to follow the law, despite his punishment for prior offenses. Because the sentence imposed was within a properly calculated Guideline range, it is entitled to a presumption of reasonableness. *Sexton*, 512 F.3d at 332 (citing *Williams*, 436 F.3d at 708). We conclude that Commodore has not offered evidence sufficient to overcome this presumption. *Id*.

IV.

For the above reasons, we affirm defendant's conviction and sentence.