**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0309n.06
Filed: April 28, 2009

No. 07-6278

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| MELVIN JARVIS, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE: NORRIS, COOK, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** A grand jury indicted Melvin Jarvis on five counts, all relating to the distribution of crack cocaine in violation of 21 U.S.C. § 841. He moved to continue the trial on the morning that it was set to begin, and the district court denied this motion. Faced with this denial, he pleaded guilty to all five counts. He moved to withdraw that plea 37 days later, which the district court also denied. On appeal, he challenges the district court's denial of both his motion to continue and his motion to withdraw his guilty plea. He also adds a claim of ineffective assistance of counsel. For the following reasons we affirm the district court's denial of Jarvis' motions to continue and withdraw his plea, and dismiss his ineffective assistance claim as premature.

## I.

The factual background of this case is not relevant to this appeal. The pertinent legal proceedings commenced when a grand jury returned a superceding indictment charging Jarvis with

five counts: Counts One, Two, and Four charged Jarvis with distributing crack cocaine, and Count

Three charged him with possession of crack cocaine with intent to distribute, all in violation of 21

U.S.C. § 841(a)(1). Count Five, a forfeiture count, charged that Jarvis had in his possession $9,455

in currency and an automobile that were both at least partially proceeds from drug trafficking in

violation of 21 U.S.C. § 853. On December 20, 2006, one week after the superceding indictment

was returned, Jarvis entered a plea of not guilty. The court accepted his plea, set a pretrial

conference for January 26, 2007,[1] and set the jury trial to begin February 20.

On January 25, one day before the pretrial conference was scheduled, Jarvis moved to

continue, and the court granted the continuance. The new pretrial conference was scheduled for

February 23. Neither Jarvis nor defense counsel Ken Lawson appeared on that date, and the matter

was reset for March 2, but again Jarvis and Lawson failed to appear. The district court issued a

summons and scheduled a show cause hearing for March 7. Jarvis and Lawson both appeared at the

show cause hearing, and Lawson explained that he had missed the prior conferences because he was

completing an inpatient substance abuse treatment program. The court found that defendant had

shown good cause, and set the trial date for April 30.

The district court recounted the events leading up to the new trial date as follows:

> Sometime during the week of April 23, 2007, the Court was informally
> notified by Defendant's pretrial services officer that Defendant was having second
> thoughts about his retention of Attorney Lawson as counsel and was considering
> other counsel. In view of the impending trial date of April 30, 2007, the Court
> convened an in-chambers ex-parte conference with Defendant, Defendant's friend
> Vivian Cook, and Attorney Lawson on Friday afternoon, April 27, 2007. The purpose

---

[1]All dates are for 2007 unless otherwise specified.

of the conference was to discuss issues relating to Defendant's continued retention of Attorney Lawson. The conference was not recorded.

After listening to Defendant's concerns, which included Defendant's belief that Attorney Lawson was not giving Defendant's case the attention it deserved due to his own substance abuse issues, the Court asked Defendant what Lawson had failed to do to adequately prepare for trial and reminded Defendant that the trial date had been continued to account for Lawson's absence. Defendant mentioned a list of motions Lawson was supposed to file on his behalf but was unable to produce any list. When asked if there were witnesses Attorney Lawson was supposed to subpoena for trial which he had been unable to locate due to his absence during his drug rehabilitation, Defendant indicated he was unaware of any such witnesses. When asked what Attorney Lawson had failed to do in preparation for the trial, Defendant reiterated that Lawson's own addiction issues made it difficult for him to have confidence in Lawson. After assuring Defendant that Attorney Lawson was more than competent to handle the case, which the Court characterized as a fairly typical drug case, Defendant, Miss Cook, and Attorney Lawson requested an opportunity to meet outside the presence of the undersigned to discuss Lawson's continued representation.

A short time later, the three individuals emerged from their meeting and advised the undersigned that while Defendant was still somewhat reluctant to proceed with Attorney Lawson as his counsel, they had reached a consensus that Defendant's continued retention of Attorney Lawson would continue. This consensus was then placed on the record during a brief follow-up conference which included the prosecutor.

Dist. Ct. Mem. Op. and Order of June 22, 2007, at 4-5.

On April 30, the district court held a final pre-trial conference thirty minutes before trial was set to begin. At this conference, Jarvis again brought up his discomfort with Lawson, this time citing a specific concern that jurors may have become aware of Lawson's substance abuse problems,[2] and that they would "take out on [Jarvis] what they know about [Lawson]." Dist. Ct. Mem. Op. and

---

[2]Apparently Lawson's substance abuse issues had recently been reported in the news.

Order of June 22, 2007, at 5. The court informed the parties that it could address that issue in voir dire, but that Lawson's substance abuse would likely not have any effect on the jury.

To further discuss that issue, the court held an ex parte conference at the bench, at which time Lawson voiced his own concern: he had received the government's *Brady* information on April 27 (*i.e.* the Friday proceeding trial), and"[i]t changed the whole theory of the case." Dist. Ct. Mem. Op. and Order of June 22, 2007, at 7. This change in theory revolved around the fact that Lawson now believed that Jarvis should take the stand in his own defense. Lawson felt unprepared because, although he and Jarvis had scheduled to meet on Saturday, April 28, to prepare their new trial strategy, Jarvis did not show up, nor did Jarvis respond to Lawson's numerous attempts to contact him over the weekend. As a result they had not had any discussions at all regarding whether Jarvis should testify in his defense, or what his testimony would be. Of course, the fact that Lawson now felt unprepared to begin the trial reinforced Jarvis' concern about Lawson's ability to defend him, and Lawson informed the court that Jarvis now wanted a new attorney. The court informed defendant that it was too late to change attorneys because they had discussed these issues at length already. Defense counsel moved both to withdraw and for a continuance, and the district court denied both motions.

As trial was about to begin, Lawson informed the court in a side-bar conference that Jarvis wished to change his plea to guilty. This change of heart was apparently precipitated by the court's denial of Lawson's motions. Prior to accepting his guilty plea, the court conducted a detailed colloquy. Jarvis and the court again entered into a discussion regarding the defendant's dissatisfaction with his attorney. The only additional argument advanced by Jarvis was his newfound

worry about Lawson being "unprepared" to begin the trial. The court quickly pointed out that this

problem was due to Jarvis' failure to appear for a scheduled meeting with Lawson. Jarvis

acknowledged that he had failed to appear at that meeting. The court then conducted a standard plea

colloquy with Jarvis, during which Jarvis confirmed that he understood his options and the

consequences of each, was aware of the evidence against him, and was in fact guilty of the crimes

charged.

Having determined that Jarvis was competent to enter his plea, the district court accepted it.

Jarvis moved to withdraw that plea on June 6, 2007, 37 days later. The district court denied his

motion, and Jarvis appealed.

## II.

### A.

We review a district court's decision denying a motion to withdraw a guilty plea for abuse
of discretion. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). In our view, the district
court's analysis and decision on this issue was correct. Federal Rule of Criminal Procedure
11(d)(2)(B) provides that a defendant may withdraw a guilty plea if he "can show a fair and just
reason for requesting the withdrawal." As the rule implies, the defendant bears the burden of
providing such a reason. *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). We evaluate
whether this burden has been satisfied by reference to seven factors:
> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal
> earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal
> justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994); *Dixon*, 479 F.3d at 436. However,

this is a "general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d

1025, 1027 (6th Cir. 1996).

As noted above, the district court properly considered and weighed these factors. At bottom,

for at least two months[3] Jarvis was skeptical of his counsel's abilities, based on Lawson's substance

abuse issues. This, of course, is a perfectly reasonable concern for a litigant to have, and the district

court was right to discuss this issue with Jarvis at length. It provided him with multiple

opportunities to choose to obtain new counsel. But neither Jarvis nor the court could locate any

deficiency that occurred after the substance abuse revelation, and, having had ample time to consider

the problem, Jarvis ultimately chose to proceed with Lawson. Jarvis, therefore, has brought forth

no fair and just reason for withdrawing his plea, much less satisfied the heightened abuse of

discretion standard. *Bazzi*, 94 F.3d at 1027.

**B.**

For similar reasons, the district court properly denied Jarvis' motion to continue, made on

the morning his trial was set to begin. As with a motion to withdraw a plea, we review a district

court's denial of a motion to continue for abuse of discretion. *United States v. Hall*, 200 F.3d 962,

---

[3]At oral argument, defense counsel claimed that Jarvis only became aware of Lawson's substance abuse a few days before trial. However, the record belies this claim. At the show cause hearing on March 7, 2007, Lawson informed the court that he had missed the prior two pretrial conferences because he was undergoing inpatient substance abuse treatment over the prior several weeks. The court then continued the trial for an additional two months specifically to accommodate Lawson's treatment. The record clearly indicates that Jarvis was present for this conference when this issue was being discussed. Dist. Ct. Order of March 8, 2007, at 1.

964 (6th Cir. 2000). To succeed, "[t]he defendant must show that the denial resulted in actual

prejudice in his defense. Actual prejudice requires proof that the continuance would have provided

relevant witnesses or contributed to the defense." *Id.* (citations and quotations omitted). Our further

elaborations on this determination make clear that we take a holistic approach:

> Whether a continuance is appropriate in a particular case depends on the facts
> and circumstances of that case with the trial judge considering, among other things,
> the length of delay, previous continuances, inconvenience to litigants, witnesses,
> counsel and the court, whether the delay is purposeful or is caused by the accused,
> the complexity of the case, and whether denying the continuance will lead to
> identifiable prejudice.

*Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985) (citations omitted).

We need not dwell long on this issue. It turns on some of the same facts as the denial of

Jarvis' motion to withdraw his plea. While a continuance may have "contributed to the defense,"

as discussed above the only identifiable deficiency from which Jarvis would have suffered if the trial

had commenced as scheduled was due entirely to his own failure to attend the meeting with Lawson.[4]

Furthermore, the court had already granted two continuances to accommodate Lawson's substance

abuse problems, and even agreed to delay opening statements until after the lunch break. This is

strong evidence that the court was not unreasonably concerned with the expeditious resolution of this

case at the expense of Jarvis' ability to mount an effective defense. Given this consideration, it is

hard to see how the district court could have abused its discretion by failing to better accommodate

---

[4]Jarvis concedes that the government's transmission of the *Brady* materials was timely.
Additionally, Lawson testified that he would have had sufficient time to prepare had Jarvis attended
the weekend meeting they had scheduled, and Jarvis does not dispute this claim.

Jarvis' decision to skip a meeting with his attorney two days before trial.

**C.**

Jarvis also raises a claim of ineffective assistance of counsel. He acknowledges that, in the ordinary case, "a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). He argues that we should not apply this rule to his case for two reasons, but we find neither convincing, and therefore we dismiss this claim as premature.

Jarvis first points out that we have made exceptions to our rule when the record "is adequate to assess the merits of the defendant's allegations," *id.,* and then proceeds to argue that we have just such a record before us. We disagree. In the context of a guilty plea, a defendant claiming ineffective assistance of counsel must show (1) objectively unreasonable performance by counsel that (2) caused the defendant to plead guilty instead of going to trial. *Railey v. Webb*, 540 F.3d 393, 415 (6th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). Jarvis provides only one concrete occurrence of deficient performance by Lawson: that Lawson was unprepared for trial. But, as repeatedly noted above, Lawson was unprepared only to the extent that Jarvis caused him to be by failing to attend their meeting. Otherwise Jarvis directs us to no evidence on this issue at all, so the record in this case is far less developed than it would need to be for us to decide it now.

Second, Jarvis makes the novel argument that Lawson's assistance was per se ineffective, because "Lawson neither obtained nor attempted to obtain licensure to practice law in Kentucky or

the Eastern District of Kentucky." Assuming that Lawson indeed was not admitted to practice before

the trial court, whether that renders his assistance per se ineffective is a pure question of law

necessitating no further development of the record, and so we may take it up now. It is an issue of

first impression in this circuit whether counsel's failure to gain admission to practice before the trial

court can *ever* be the basis for a per se ineffective assistance claim. But it is one we need not decide

today, because Lawson's behavior in this case clearly does not amount to per se ineffective

assistance. This circuit analyzes per se ineffective assistance claims under the nominally different

but substantively identical notion of according a defendant a presumption that counsel's performance

prejudiced him. *See, e.g.*, *Short v. United States*, 471 F.3d 686, 692-93 (6th Cir. 2006). This circuit

presumes a defendant was prejudiced in three situations:

> The first is the complete denial of counsel, in which the accused is denied the
> presence of counsel at a critical stage. The second is when counsel entirely fails to
> subject the prosecution's case to meaningful adversarial testing. The third is when
> counsel is placed in circumstances in which competent counsel very likely could not
> render assistance.

*Mitchell v. Mason*, 325 F.3d 732, 742 (6th Cir. 2003) (citations and punctuation omitted). The

second scenario does not appear to apply to a case that did not go to trial, although even if it did,

Lawson's numerous pre-trial motions, objections, and discovery requests would certainly qualify as

demonstrating an intent to "subject the prosecutor's case to meaningful adversarial testing." *Id.* The

third exception is clearly irrelevant, as it only applies to counsel with an actual conflict of interest.

Therefore, Jarvis is left with the argument that Lawson's failure to comply with admission

procedures in the trial court resulted in the "complete denial of counsel." *Id.* The denial may be

actual or constructive, *Short*, 471 F.3d at 693, but in this case Jarvis suffered from neither. Lawson,

even if not admitted to practice in Kentucky, was admitted to, and a member in good standing of, the Ohio bar, up to and through the time at which Jarvis entered his plea. Furthermore, Lawson made no identifiable mistakes in the course of his representation. And finally, although Lawson was not actually admitted to practice law before the district court, that court apparently granted him *de facto* admission to represent Jarvis. *See* Dist. Ct. Mem. Op. and Order of June 22, 2007 ("Lawson was permitted to represent [Jarvis] and all paper filings were filed and adjudicated by the Court."). So in the end Lawson's failure to become admitted in Kentucky had literally no effect at all on the proceedings or on Jarvis' decision to enter his plea, and the confluence of the factors noted above lead us to conclude that Jarvis' per se ineffective assistance claim must fail. Lawson's failure to gain admittance to practice before the district court is of course problematic, and we strongly discourage it. However, there are numerous devices already in place to prevent just such behavior, and we see no reason to invalidate Jarvis' plea on this basis.

### III.

We therefore **affirm** the orders of the district court denying Jarvis' motion to withdraw his guilty plea and his motion to continue, and we **dismiss** as premature defendant's ineffective assistance of counsel claim.