NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0285n.06

No. 11-5449

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 13, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| RONNIE DALE NEELEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| STEVE HANEY, Warden, | ) | KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Ronnie Dale Neeley, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Neeley pled guilty to two counts of capital murder, one count of first degree arson, two counts of first degree robbery, one count of tampering with physical evidence, one count of violating a domestic violence order, and two counts of abuse of a corpse. He was sentenced to serve life imprisonment without the possibility of parole for twenty-five years. Neeley did not appeal his convictions.

Neeley subsequently filed a post-conviction motion challenging his sentence, which the trial court denied. The Kentucky Court of Appeals affirmed the trial court's decision. *Neeley v. Commonwealth*, No. 2007-CA-001572-MR, 2009 WL 484976 (Ky. Ct. App. Feb. 27, 2009). The Kentucky Supreme Court denied Neeley's request for discretionary review.

In this habeas corpus petition, Neeley alleged that he was denied effective assistance of trial counsel due to a conflict of interest between his attorney and the attorney who represented his co-

defendant and brother, William Neeley. Neeley also argued that trial counsel was ineffective because counsel "failed to inform him of the facts and law of the case against him"; misinformed him "regarding parole eligibility"; allowed him to plead guilty despite his incompetence as demonstrated by a "then recently attempted suicide" and "a previous head injury [that] 'affected his future'"; and "exploited his emotional attachment to his brother to convince him to plead guilty."

Upon de novo review of a magistrate report, the district court dismissed Neeley's habeas corpus petition and denied Neeley a certificate of appealability. This court granted Neeley a certificate of appealability on the single issue of whether counsel rendered ineffective assistance based upon a conflict of interest.

We review the dismissal of a petition for a writ of habeas corpus de novo. *White v. Mitchell,* 431 F.3d 51, 524 (6th Cir. 2005). Federal courts must lend "considerable deference to state-court decisions." *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007). Consequently, habeas corpus relief may not be granted for any claim that was "adjudicated on the merits" by a state court unless the state court decision is "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent, or is "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Neeley's only appealable ground for relief alleged that he was deprived effective assistance of trial counsel by counsel's conflict of interest. Neeley explained that he was represented by an attorney employed by the Kentucky Department of Public Advocacy. His brother was also represented by an attorney employed by the same department. The attorneys, however, worked from different offices. Neeley's attorney was from the Richmond, Kentucky office, while his brother's attorney was from the London, Kentucky office. The state offered a plea bargain that required Neeley and his brother to both plead guilty, or both proceed to trial. Neeley and his brother chose to plead guilty and, according to Neeley, his attorney "worked out a plea deal giving [his brother] ten (10) years imprisonment" and Neeley life imprisonment without the possibility of parole for twenty-five years. Neeley contends that he was denied effective assistance of counsel due to a

conflict of interest between the attorneys as evidenced by the fact that his negotiated sentence "was not as advantageous as" the sentence that his brother received.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney made errors so serious that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment, and that the attorney's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). In the context of a guilty plea, the prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"[P]rejudice is presumed when counsel is burdened by an actual conflict of interest." *Strickland*, 466 U.S. at 692. Prejudice is presumed, however, "only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id*. (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). An actual conflict will not be found unless a defendant can identify "specific instances in the record to suggest an actual conflict or impairment of [his] interests." *United States v. Hall*, 200 F.3d 962, 965-66 (6th Cir. 2000) (citation omitted). In order to establish an actual conflict of interest, a defendant must show that counsel "made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other." *McFarland v. Yukins*, 356 F.3d 688, 705 (6th Cir. 2004) (citation omitted).

The Kentucky Court of Appeals concluded that trial counsel was not ineffective. *Neeley*, 2009 WL 484976, at *1-2. The court found no conflict of interest based upon the simultaneous representation of Neeley and his brother by the department's attorneys who worked from different offices. *Id.* at *2. The court of appeals noted that "nothing in the record indicates the presence of any coercion or inducement with respect to Neeley's guilty plea intended solely to either benefit his co-defendant or to impose a detriment on Neeley without a corresponding benefit." *Id.* Instead, the court noted "counsel's diligent efforts to avoid the possibility of the death penalty and to ensure the

best possible outcome for Neeley considering the facts of the case." *Id.* The court also referred to Neeley's typed statement in which he stated that his brother deserved a more lenient sentence due to his lack of involvement in the crimes. *Id.*

The decision of the Kentucky Court of Appeals is not contrary to, or an objectively unreasonable application of, federal law. Neeley failed to show that his attorney labored under an actual conflict of interest. Although Neeley's attorney and his brother's attorney were both employed by the Kentucky Department of Public Advocacy, and the plea agreements required that both parties either plead or proceed to trial, the record contains no evidence that an actual conflict of interest existed. Instead, the record indicates that Neeley's guilty plea resulted in a direct benefit to him. The plea allowed him to avoid the death penalty. Even though Neeley received a lengthier sentence than his brother, the record indicates that the difference is due to their respective culpabilities.

We affirm the district court's judgment.