NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0425n.06

No. 15-3899

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jul 28, 2016

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| VINCENT D. MOORER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: WHITE and STRANCH, Circuit Judges; MICHELSON, District Judge.[*]

PER CURIAM. Vincent D. Moorer, a federal prisoner, appeals the 100-month sentence imposed following his plea-based convictions of conspiracy to distribute heroin, 21 U.S.C. § 846, and conspiracy to launder money, 18 U.S.C. § 1956(h). We **DISMISS** Moorer's appeal based on the appeal waiver in his plea agreement.

Moorer and the government entered into a plea agreement in which Moorer agreed to plead guilty to the two conspiracies and the government agreed to dismiss numerous other counts. The agreement contains a Stipulated Guideline Computation provision in which the parties agree that the appropriate total offense level is 27. The parties had no agreement about the criminal history category, which was to be determined by the district court after the preparation of a pre-sentence report. The agreement states that the parties will jointly recommend a sentence of 90 months of imprisonment, but that "the recommendations of the parties will not be binding upon the Court." R.E. 179, pg. ID 2046. Most critical to Moorer's

---

[*] The Honorable Laurie J. Michelson, United States District Judge for the Eastern District of Michigan, sitting by designation.

appeal, the plea agreement also states that Moorer waives his right to appeal his sentence unless it exceeds the statutory maximum sentence[1] or exceeds "the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in th[e] agreement, using the Criminal History Category found applicable by the Court." R.E. 179, pg. ID 2048.

The district court accepted Moorer's plea. The court enhanced Moorer's base offense level two points for possessing a firearm during the offense, resulting in a total offense level of 29, and calculated Moorer's criminal history category at IV. The advisory Guidelines range was 121 to 151 months, but the court chose a sentence of 100 months. Moorer appeals, arguing that the district court erred in enhancing his offense level for possessing a firearm. The government responds that the appeal should be dismissed due to Moorer's waiver of his right to appeal.

A knowing and voluntary waiver of the right to appeal precludes appellate review. *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). Moorer does not argue that his waiver was not knowing and voluntary. Moorer stated at his plea hearing that he understood that the parties' stipulations would not be binding on the court, and that the district court would independently calculate the Guidelines range.

The district court calculated Moorer's criminal history category as IV. Although the district court used an offense level of 29, rather than the agreed-upon level of 27, the Guidelines range for offense level 27 with a criminal history category IV was 100 to 125 months. Thus, Moorer's sentence of 100 months did not exceed "the maximum of the sentencing imprisonment range . . . in accordance with the sentencing stipulations and computations in th[e] agreement," R.E. 179, pg. ID 2048, and Moorer waived his right to appeal.

---

[1] Moorer does not argue that his sentence exceeds the statutory maximum.

We therefore **DISMISS** the appeal.