RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0096p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 16-4127

NIKITA GRIFFIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:15-cr-00045-2—James S. Gwin, District Judge.

Decided and Filed:  April 26, 2017

Before:  GIBBONS, COOK, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Kevin M. Cafferkey, Cleveland, Ohio, for Appellant.  Paul M. Flannery, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

GRIFFIN, Circuit Judge.  Defendant Nikita Griffin pleaded guilty to conspiring to submit false income tax returns in violation of 18 U.S.C. § 286.  He appealed his twelve-month sentence, and we remanded for resentencing because the district court made insufficient factual findings to support its imposition of a two-level enhancement for obstructing justice and its denial of a two-level reduction for acceptance of responsibility.  *United States v. Griffin*, 656 F.

App'x 138, 139 (6th Cir. 2016). Griffin now appeals from the ten-month sentence the district court imposed on remand. For the reasons set forth below, we dismiss this appeal.

I.

Defendant pleaded guilty to conspiring to defraud the government by submitting false income tax refund claims and obtaining the fraudulent proceeds. The indictment described a scheme in which a co-defendant prepared fraudulent tax returns that generated "refund anticipation" loan checks from a bank, which Griffin cashed. Pursuant to a written plea agreement, Griffin understood the maximum penalty was up to ten years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment. He further understood the district court would determine the advisory Guideline range at sentencing and could "depart or vary from the advisory guideline range."

Griffin's plea agreement also contained an appellate waiver provision, stating in relevant part that:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court.

In paragraph 14 of the agreement, the parties stipulated that Griffin's total offense level was ten "before Acceptance of Responsibility." The government agreed to recommend a two-level reduction for acceptance of responsibility so long as "Defendant's conduct continues to reflect Defendant's acceptance of responsibility[,]" but "Defendant understands it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate." There was no agreement regarding Griffin's applicable Criminal History Category.

At his plea hearing, Griffin affirmed he understood he was waiving most of his rights to appeal. He also acknowledged the factual basis for his guilty plea. At the hearing, the government summarized Griffin's involvement in the scheme as having deposited three refund checks into his bank account and withdrawing $9,000 once the deposits cleared. The government further stated the taxpayer information for preparing the fraudulent returns came from an accountant in Georgia. Griffin agreed this information was "all true," and the district court accepted his guilty plea.

Following entry of Griffin's guilty plea, a probation officer prepared a presentence investigation report ("PSR") that set his adjusted offense level at ten, and his criminal history as category I.[1] The PSR contained Griffin's statement as to acceptance of responsibility, admitting he cashed fraudulent checks and "also gave other people's personal information to another to make the checks." Assuming a two-level adjustment for acceptance of responsibility, the officer calculated the total offense level at eight, resulting in a Guidelines range of zero to six months. At sentencing, the district court denied an adjustment for acceptance of responsibility and increased the base offense level by two for obstruction of justice. As a result, the sentencing range was ten to sixteen months. The district court sentenced Griffin to twelve months in prison.

Griffin appealed. We remanded for resentencing because the district court did not make sufficient factual findings to support its obstruction of justice and acceptance of responsibility determinations. At resentencing, Special Agent Joseph Ziegler testified that, during a 2012 investigative interview, Griffin limited his role in the scheme to cashing checks and denied ever sending personal information to anyone. During Griffin's 2015 proffer interview in anticipation of his plea agreement, he again characterized his role as that of a check casher and said he did not think he had done anything wrong. Although the factual basis for his plea stated that Griffin had received personal information from an individual named William Walton, Ziegler testified that Griffin told Ziegler he had some of Walton's personal information from completing a résumé on Walton's behalf, not to defraud the government.

---

[1]Griffin was originally sentenced on January 13, 2016. He was resentenced on September 29, 2016. The 2015 version of the Guidelines Manual applied at both proceedings. *See* U.S.S.G. § 1B1.11(a); *see also* 18 U.S.C. § 3742(g)(1) (instructing district courts to apply, upon remand for resentencing, the Guidelines in effect on the date of the original sentencing).

Ziegler also detailed how the investigation continued after Griffin's plea until the accountant identified Griffin as the source of the taxpayer information. The government explained that, in minimizing his role in the scheme, Griffin was able to obtain a more favorable plea agreement while it had to prolong the investigation. Although Griffin's attorney admitted his client provided the personal information used to create the fraudulent tax returns, Griffin denied in his allocution any involvement in gathering or transmitting taxpayer information other than Walton's.

In light of this testimony, the district court found that Griffin had obstructed justice under Sentencing Guideline § 3C1.1 by providing materially false information to the judge, and materially false statements to law enforcement officers that significantly impeded the investigation and prosecution of his case. Specifically, the district court found Griffin misrepresented to it that the personal information used to prepare the fraudulent tax returns had been supplied by an accountant, when, in fact, Griffin provided the information to the accountant. Moreover, Griffin misrepresented to Special Agent Ziegler that he only cashed checks and had never sent anyone's personal information to another.

The district court then denied Griffin a reduction for acceptance of responsibility under Sentencing Guideline § 3E1.1 because he "falsely den[ied] relevant conduct for which he's accountable." In addition, the district court observed that obstructing justice is a typical "disqualifier for acceptance of responsibility" per Application Note 4 to § 3E1.1. Moreover, Griffin's own statements during resentencing provided "more evidence for the denial of acceptance of responsibility."

The district court calculated Griffin's Guideline range to be ten to sixteen months. This time, the district court sentenced Griffin to ten months in prison. Griffin timely appeals from this sentence. He again challenges the district court's imposition of the obstruction-of-justice enhancement and its denial of a reduction for acceptance of responsibility.

## II.

The government argues Griffin's appellate waiver bars this appeal. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a

plea agreement." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (internal quotation marks and citation omitted). A knowing and voluntary waiver of the right to appeal precludes appellate review. *Id.* at 764.

Griffin does not contest the validity of his appeal wavier. Instead, he argues it does not bar this appeal. We thus "look to see if the claim[s] raised on appeal fall[] within the scope of the appellate waiver[.]" *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). We review that question de novo. *Id.*

Griffin's appeal is foreclosed. The waiver allows appeals from the district court's sentencing determination in very limited circumstances. Relevant here, Griffin can appeal a sentence that "exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in th[e] agreement." The parties stipulated to a total offense level of ten. Although the parties did not stipulate to a Criminal History Category, neither party disputes the district court's calculation of category I. An offense level of ten and Criminal History Category I yield a Guideline range of six to twelve months. *See* U.S.S.G. § 5A (sentencing table). Although the district court used an offense level of twelve at resentencing, Griffin's ten-month sentence did not exceed "the maximum of the sentencing imprisonment range . . . in accordance with the sentencing stipulations and computations in th[e] agreement." *See United States v. Moorer*, 667 F. App'x 540, 541 (6th Cir. 2016) (per curiam) (right to appeal waived even though the district court used an offense level higher than the offense level the parties agreed to in the plea agreement). Accordingly, the waiver applies.

Griffin argues the appropriate sentencing range is zero to six months, thus his ten-month sentence exceeds it. According to Griffin, because the government agreed to recommend a two-level reduction for acceptance of responsibility, the agreed-upon offense level is not ten but eight per "the sentencing stipulations in his plea agreement."

We rejected this argument in *United States v. English*, 520 F. App'x 428, 432–33 (6th Cir. 2013), a case involving a nearly-identical appellate waiver. *See id.* at 430. There, as here, the parties stipulated to a total offense level "before Acceptance of Responsibility." *Id.* at 433.

And there, as here, the subsequent paragraph made clear the parties had not also "stipulated" that such a reduction was appropriate: although the government believed at the time of the plea that the defendant had accepted responsibility, the defendant acknowledged "it w[ould] be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate." *Id.* Given this acknowledgment, we could not conclude in *English*, and cannot conclude here, that "the plea agreement manifested 'sentencing stipulations and computations' that envisioned a level-[8] sentencing range for" Griffin. *See id.*; *cf. Moorer*, 667 F. App'x at 541 (waiver bars appeal where sentence did not exceed "the maximum of the sentencing imprisonment range . . . in accordance with the sentencing stipulations and computations" in the parties' plea agreement).

Defendant "fails to realize . . . that the maximum of the sentencing range that must be exceeded before [he] may appeal his sentence is *not* the sentencing range associated with the sentence computation that [he] believes is appropriate." *English*, 520 F. App'x at 432. Because Griffin's ten-month sentence did not exceed the maximum of the sentencing range as determined "in accordance with the sentencing stipulations and computations" in his plea agreement, his claims, since they relate directly to his sentence, have been knowingly and voluntarily waived.

III.

For these reasons, we dismiss Griffin's appeal.