NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0334n.06

No. 20-1653

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

LASZLO CSIKI,

     Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 13, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

Before: BATCHELDER, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Laszlo Csiki appeals his conviction and sentence for possession of equipment to make skimming devices and aggravated identity theft. We reject his arguments and affirm.

I.

In April 2019, police in Dearborn, Michigan arrested Laszlo Csiki in connection with the installation of skimming devices on local ATMs. When installed, those devices capture the card number and PIN of every card entered into the ATM. The police recovered from Csiki and his co-defendant approximately $161,000 in cash that had been withdrawn from ATMs using stolen card numbers, approximately 500 gift or credit cards encoded with stolen numbers, and various materials, components, and tools necessary to make skimming devices. A federal grand jury indicted Csiki for one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(1); one count of possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4); and two

counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Csiki retained Loren Dickstein as his lawyer.

Six months later, Csiki agreed to plead guilty to one count of possession of device-making equipment and to one count of aggravated identity theft. In a written plea agreement, Csiki and the government settled on a guidelines range of 24-30 months' imprisonment for the possession count and a minimum of 24 months' for the identity-theft count, to be served consecutively. Csiki waived his right to appeal his sentence "on any grounds" if his total sentence did not exceed 54 months' imprisonment. But Csiki reserved the right to claim that his counsel was ineffective.

The district court held a hearing to consider the plea agreement. Csiki stated that no one had coerced him to plead guilty and that Dickstein had prepared him for the plea. He also acknowledged that, under the plea agreement, he could not appeal a sentence of 54 or fewer months' imprisonment. The court accepted the plea agreement and scheduled Csiki's sentencing. The Probation Office completed a presentence report, and Dickstein filed objections to that report on Csiki's behalf.

Before Csiki was sentenced, however, Dickstein filed a motion to withdraw as Csiki's lawyer. The court held a hearing at which it questioned Dickstein about the motion. Dickstein said that Csiki had lost trust in him and wanted a different lawyer. Csiki agreed, telling the court that Dickstein "should be replaced" and that another lawyer should be appointed for the duration of the case. The court noted that a new lawyer would not change Csiki's guilty plea or the PSR objections filed by Dickstein. But the court granted the motion and appointed Sanford Plotkin as Csiki's new lawyer. The court then rescheduled Csiki's sentencing hearing.

Before that hearing, Csiki filed *pro se* a handwritten "sentencing memorandum supplement." Csiki alleged that, due to Dickstein's ineffectiveness, he had not entered the plea

agreement voluntarily. According to Csiki, he had told Dickstein that he would not accept any plea agreement containing consecutive sentences. But when Csiki's brother died shortly thereafter, Dickstein allegedly exploited Csiki's "vulnerable state of mind" over his brother's death and presented Csiki with the plea agreement that he eventually signed, including the recommendation for consecutive sentences. The court struck Csiki's *pro se* filing, however, because he was then represented by Plotkin. Plotkin made no attempt to set aside the plea agreement on the grounds alleged in Csiki's filing.

The COVID-19 pandemic began before Csiki's sentencing hearing, and the courthouse was closed for in-person proceedings. The court then scheduled Csiki's sentencing to occur over videoconference. The parties jointly requested that, at the beginning of the proceeding, the court should first ensure Csiki's consent to the virtual hearing.

Accordingly, the court asked at the beginning of the hearing whether Csiki had consented to the virtual proceeding. Plotkin responded "Yes, he has. I discussed it with Mr. Csiki. He's consented." Based on that representation, and without any statement from Csiki himself, the court found that Csiki had consented to a hearing over videoconference. The court ultimately imposed a total sentence of 54 months' imprisonment.

This appeal followed.

## II.

Csiki argues that his conviction should be reversed because Dickstein and Plotkin were ineffective. Specifically, Csiki says that Dickstein "coerced" him into the plea agreement and that Plotkin should have attempted to vacate the plea agreement because of that alleged coercion. Csiki also asserts that Plotkin failed to obtain his consent to the virtual sentencing proceeding.

A defendant generally may not raise ineffective-assistance claims for the first time on direct appeal. *See United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005). Those claims instead should be raised through a 28 U.S.C. § 2255 petition, because the district court is best suited to develop any facts regarding the adequacy of a lawyer's representation. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Csiki contends that the record is adequately developed for us to address his ineffective-assistance claim here. *See, e.g.*, *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000).

But the record here includes none of Csiki's communications with his lawyers. Nothing in the record, for example, corroborates Csiki's allegation that Dickstein coerced him to enter the plea agreement. Meanwhile, Csiki denied under oath that anyone had forced or threatened him into a guilty plea. And we "have no way of knowing" why Plotkin decided not to challenge the plea agreement on the grounds of coercion or whether that decision was erroneous. *Massaro v. United States*, 538 U.S. 500, 505 (2003). We decline to consider Csiki's ineffective-assistance claim here.

Csiki also argues that he never consented to conduct his sentencing by videoconference. He further contends that the district court failed to find that he had consented. Csiki's challenge to the procedures used at his sentencing amounts to an appeal of the sentence itself. *See, e.g.*, *United States v. Garcia-Robles*, 640 F.3d 159, 163 (6th Cir. 2011). We review de novo whether the appellate waiver in his plea agreement precludes that challenge. *See United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2012).

In the agreement here, Csiki waived the right to appeal his sentence "on any grounds" if the sentence was not greater than 54 months' imprisonment. That condition was undisputedly met. And Csiki testified at his plea hearing both that he was not coerced to enter the plea agreement and

that he could not appeal a sentence that was "54 months or less."  He offers no evidence to rebut those assertions now.  His argument here is therefore waived.

The district court's judgment is affirmed.