NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0070n.06

Case No. 21-3548

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Feb 08, 2022 |
| Plaintiff - Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| ALBERT AIAD-TOSS, | ) | STATES DISTRICT COURT FOR THE |
|  | ) | NORTHERN DISTRICT OF OHIO |
| Defendant - Appellant. | ) |  |
|  | ) |  |

BEFORE: SUTTON, Chief Judge; GIBBONS and GRIFFIN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Albert Aiad-Toss pled guilty to seven counts of sex trafficking of minors and one count of production of child pornography. On appeal, Aiad-Toss challenges the district court's imposition of a $50,000 fine, a $40,000 payment under the Justice for Victims of Trafficking Act ("JVTA"), and a lifetime term of supervised release. He argues the judge selected a sentence based on erroneous facts, failed to adequately consider the Section 3553(a) factors, and imposed a sentence that is greater than necessary to comply with the purposes and principles of sentencing. When he pled guilty, Aiad-Toss waived his right to appeal except under limited circumstances, none of which apply here. Because Aiad-Toss waived the instant claims, we dismiss his appeal.

I.

In June 2019, Aiad-Toss sexually victimized six underage girls, aged twelve to fifteen, at hotels in the Ashland, Ohio, area. Aiad-Toss used Snapchat to make initial contact with his victims

and later met them for sexual encounters. In exchange for performing sexual acts with Aiad-Toss and with each other, the victims were paid in cash and through Venmo, an online payment application; taken shopping; and given drugs and alcohol. He had sexual intercourse with three of the victims, including a twelve-year-old girl; watched and filmed the victims engage in sex acts with each other; inserted a sex toy into one victim's vagina; rubbed a vibrator on the genitals of two victims; and paid another victim to produce and send him explicit photos and videos of herself masturbating. Aiad-Toss had budgeted $2,000 per month for illicit activities with minors and used digital payment applications to keep track of his payments to his victims. On July 5, 2019, Aiad-Toss was detained at the Fort Lauderdale International Airport in Florida.

In a federal grand jury's superseding indictment, Aiad-Toss was charged with three counts of sex trafficking of a minor under the age of fourteen in violation of 18 U.S.C. § 1591(a)(1), (b)(1); four counts of sex trafficking of a minor under the age of eighteen in violation of 18 U.S.C. § 1591(a)(1), (b)(2); and one count of production of child pornography in violation of 18 U.S.C. § 2251(a). After initially pleading not guilty, Aiad-Toss pled guilty to all eight counts of the superseding indictment pursuant to a written plea agreement. The parties agreed to several terms, including: a 264-month term of imprisonment, subject to the district court's acceptance of the plea agreement; an offense level of 50, with a three-level acceptance of responsibility reduction, resulting in a total offense level of 47; and a criminal history category to be determined by the district court following completion of a presentencing report ("PSR").

The plea agreement included a table listing the "Statutory Sentence Per Count" for each of the eight counts to which Aiad-Toss pled guilty. The agreement listed, for each count, both a maximum statutory fine of $250,000 and a special assessment of "$100 + $5,000." DE 77, Plea Agreement, Page ID 353. In a paragraph entitled "Special Assessment," the agreement stated

Aiad-Toss "has been deemed indigent" and must pay a "mandatory special assessment of $100 for each count of conviction." *Id*. at 354.

The agreement also included a waiver of Aiad-Toss's appellate rights:

Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal of right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found appliable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

*Id*. at 359.

At his change of plea hearing, Aiad-Toss affirmed he understood he was waiving his rights to appeal except as listed in the plea agreement. He also acknowledged the factual basis for his guilty plea. The court informed Aiad-Toss that the statutory maximum punishments for his offenses included a life term of imprisonment, a $250,000 maximum statutory fine for each of the eight counts, and a lifetime of supervised release. The court did not, however, discuss the $5,000 per-count JVTA special assessment, noted in the written plea agreement, at the change of plea hearing.

The PSR calculated an adjusted offense level of 50 and subtracted three levels for acceptance of responsibility, resulting in a total offense level of 47, consistent with the parties' agreement. The total offense level, however, exceeded the Guidelines' top offense level of 43, so the PSR reduced the total offense level to 43. With no prior convictions, Aiad-Toss's criminal history score was zero, and his criminal history category was I. This corresponded to an advisory

Guidelines range of a life term of imprisonment and a five-year to life term of supervised release per count. The PSR calculated the fine range under the Guidelines as $50,000 to $250,000. also noted that under the JVTA, 18 U.S.C. § 3014, the district court was required to impose a per count $5,000 special assessment if it found Aiad-Toss was nonindigent.

The PSR included an analysis of Aiad-Toss's finances, which the district court discussed at length at sentencing. Aiad-Toss was an emergency room physician for over twenty-five years, making approximately $200,000 annually for the duration of his career. After his arrest, he and his wife divorced, and he transferred large assets to her, like their home, which she sold. At sentencing, Aiad-Toss contended he did not have the ability to pay the financial penalties and noted the plea agreement characterized him as indigent. Over his objections, the district court determined Aiad-Toss had the ability to pay both a fine and the special assessment. It noted his lengthy tenure as a high-earning physician and, even discounting half of his net-worth of $233,000 based on his divorce, "that is still $116,500, and the fine and assessments would total less than that." DE 97, Sentencing Tr., Page ID 526–27.

After carefully considering each of the sentencing factors set out in 18 U.S.C. § 3553(a), the court accepted the parties' agreement. The court sentenced Aiad-Toss to 264 months' imprisonment on each of the eight counts, to be served concurrently, which was a downward variance from the applicable Guidelines range of life imprisonment. The court also imposed a $50,000 fine, the $40,000 JVTA special assessment ($5,000 per count, for eight counts), an $800 special assessment ($100 per count, for eight counts), and a life term of supervised release.

## II.

The government argues that Aiad-Toss's appellate waiver bars this appeal. "Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is

made knowingly and voluntarily." *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004); *see also United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017) ("A knowing and voluntary waiver of the right to appeal precludes appellate review."). Aiad-Toss does not contest the validity of his appeal waiver, so we "look to see if the claim[s] raised on appeal fall[] within the scope of the appellate waiver." *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). We review this question de novo. *Id*.

Aiad-Toss's appeal is foreclosed. He waived his current claims when he pled guilty under the written plea agreement, in which he "expressly and voluntarily" waived all of his appellate rights "except as specifically reserved." DE 77, Plea Agreement, Page ID 359. He only reserved the right to appeal "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement." *Id*. At the subsequent hearing, the court discussed the details of the plea agreement with Aiad-Toss, and he confirmed that he understood the appellate rights he was giving up. His waiver was therefore knowing and voluntary. *See Swanberg*, 370 F.3d at 625.

The instant appeal does not fall within the scope of either limited category that Aiad-Toss reserved the right to appeal. Aiad-Toss challenges the district court's imposition of a $50,000 fine, a $40,000 special assessment under the JVTA, and a lifetime term of supervised release. None of these punishments are in excess of the statutory maximum or the sentencing Guidelines range maximum. The $40,000 special assessment is the mandatory statutory penalty, and the sentencing Guideline for Aiad-Toss's fine was $50,000 to $250,000. *See* 18 U.S.C. § 3014(a); U.S.S.G. §5E1.2(c)(3). The lifetime term of supervised release is at the upper limit of, but does not exceed, the maximum statutory sentence. *See* 18 U.S.C. § 3583(k).

We also note that, although Aiad-Toss's plea agreement characterizes him as indigent, this does not impede the district court's ability to find him nonindigent and impose the mandatory JVTA special assessment. Nor does this affect Aiad-Toss's waiver of his appellate rights. "[T]he JVTA special assessment is not discretionary," and the defendant bears the burden of proving indigency. *United States v. Wandahsega*, 924 F.3d 868, 889–90 (6th Cir. 2019); *see also* 18 U.S.C. § 3014(a)(2) ("[T]he court *shall* assess an amount of $5,000 on any non-indigent person . . . ." (emphasis added)). The district court determined Aiad-Toss failed to carry his burden and found him nonindigent. Moreover, in the section titled "Statutory Penalties," the parties' agreement lists the offenses to which Aiad-Toss entered a guilty plea, all of which carry a "special assessment" of "$100 + $5,000." DE 77, Plea Agreement, Page ID 353–54. Unlike *United States v. Fowler*, 956 F.3d 431, 437 (6th Cir. 2020), in which we declined to enforce an appeal waiver in connection with a JVTA special assessment claim because the "special assessment was not mentioned in the plea agreement," the parties' plea agreement expressly lists the JVTA special assessment as a penalty. DE 77, Plea Agreement, Page ID 353–54.

Because no part of Aiad-Toss's punishment exceeds the statutory maximum, his claims, which fall within the scope of his appellate waiver, were knowingly and voluntarily waived. We therefore dismiss Aiad-Toss's appeal.