NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0427n.06

Case No. 21-1377

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 24, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JUSTIN DAVID MARTIN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GUY, WHITE, and LARSEN, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Justin Martin pleaded guilty to two drug and two firearm offenses pursuant to a written Rule 11 plea agreement. Martin's appeal asserts error in the government's failure to file the relevant search warrants or a warrant return with the court; but his unconditional plea and express waiver of appeal rights forecloses review of that claim. Martin's primary claim is that his trial counsel rendered ineffective assistance by failing to secure a conditional plea that preserved the right to appeal the suppression issue. Although a claim of ineffective assistance of counsel is not foreclosed by Martin's guilty plea, the lack of an adequately developed record makes his claim inappropriate for resolution on direct appeal. Accordingly, we dismiss this appeal.

I.

Two overdose deaths in Kent County, Michigan, led investigators to use a confidential informant to make controlled buys of heroin or fentanyl from Justin Martin near his residence on March 19 and April 2, 2018. A search warrant was obtained and, on April 3, 2018, Martin was arrested after leaving his residence to meet another informant who had arranged to buy heroin from him. The subsequent search of his residence resulted in the seizure of 32 grams of heroin, a Taurus 9mm handgun, a drug press and digital scales, a second cell phone, and almost $7,000 in U.S. currency. After charges were brought, Martin moved to suppress certain evidence on Fourth and Fifth Amendment grounds. (R.234.) The district court rejected his request for a *Franks* hearing on March 27, 2019, and conducted an evidentiary hearing and denied the motion to suppress in a reasoned ruling from the bench on April 24, 2019. Martin pleaded guilty more than a year later.

Pursuant to the Rule 11 agreement, Martin pleaded guilty to Counts 1, 8, 9 and 10 of the Sixth Superseding Indictment—conspiring to distribute and possess with intent to distribute controlled substances, 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C); possessing with intent to distribute heroin and fentanyl, 21 U.S.C. § 841(b)(1)(C); and two offenses involving the unlawful possession of a firearm, 18 U.S.C. §§ 922(g) and 924(c). The government agreed, in part, to dismiss Count 11 at the time of sentencing, which charged Martin with the distribution of heroin and fentanyl resulting in death and carried a minimum penalty of life imprisonment. The government also agreed that the information and notice of enhancement based on a prior felony drug conviction would be dismissed.

Questioned about the factual basis for his guilty pleas, Martin admitted that he distributed drugs in Grand Rapids, Michigan—specifically heroin that he purchased from co-defendant Johaun Howland and resold to others—as a participant in the charged conspiracy to distribute and possess with intent to distribute controlled substances from January 2017 through September 2018. Martin also stated that on April 3, 2018, the day of his arrest and the search of his residence, he possessed heroin and fentanyl with intent to distribute it to someone else. Martin further admitted that he had possessed the Taurus 9 mm firearm found in the search of his bedroom while knowing that he was a convicted felon and in furtherance of his drug trafficking activities.

The magistrate judge made a detailed inquiry into the voluntariness of Martin's guilty plea and his understanding of the charges and penalties he faced, the rights he would relinquish by pleading guilty, and the terms of the written plea agreement. Martin's responses included confirmation that he had not been threatened, nothing outside the written agreement had been promised, and the decision to plead guilty was his alone. Martin also confirmed that the following paragraph appearing above his signature was true:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(PageID 2635.) Care was taken to confirm that Martin understood the specific waiver of "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matters relating to this prosecution except [on one of the five grounds] listed." (Plea. Para. 12.) [1]

---

[1] The plea agreement excepted from the waiver: claims that a sentence "exceeded the statutory maximum" or "was based on an unconstitutional factor, such as race, religion, national origin, or

- 3 -

The magistrate judge found that Martin "is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact." The district court adopted those findings, accepted Martin's guilty pleas, and ultimately sentenced Martin to an aggregate term of 106 months in prison—consisting of concurrent terms of 46 months on Counts 1, 8 and 9, and a consecutive 60-month term on Count 10. This appeal followed.

II.

Martin asserts that error occurred because the prosecution did not file with the court the relevant search warrants or the warrant return relied upon in response to his motion to suppress evidence.[2] But a voluntary and unconditional guilty plea generally bars a defendant from raising any antecedent non-jurisdictional defects in his conviction. *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) (quoting *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012)); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Martin does not dispute that his guilty pleas were knowing and voluntary; nor did he assert any Rule 11 violation at the plea hearing and he does not do so on

---

gender"; that "the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis"; that "the guilty plea was involuntary or unknowing"; or that "an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel." (Plea Para. 12(b)(i)-(v).) *See United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012) (noting circumstances when a waiver will not be enforced).

[2] Martin has cast this claim as one for "structural error," but only a very limited class of errors are recognized as structural because they "*necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Neder v. United States*, 527 U.S. 1, 9 (1999) (omission of element from jury instructions not structural error); *see also Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (discussing structural error).

appeal. A review of the transcript satisfies us that the plea is valid because he knowingly and voluntarily entered into it.

A defendant who wishes to preserve a non-jurisdictional issue for appeal may do so by entering a conditional plea pursuant to Rule 11(a)(2). *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012). That did not occur here. Rather, Martin's plea agreement explicitly acknowledged that, "[b]y pleading guilty," he "gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed." (Plea Para. 11(f).)

Even if that were not dispositive, Martin also agreed to a broad waiver of appeal rights. A criminal defendant may "waive many of [their] most fundamental" legal rights, including the right to appeal if the defendant knowingly and voluntarily agreed to the plea agreement and the waiver therein. *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995); *see also United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). We review de novo whether a claim raised on appeal falls within the scope of the waiver provision, applying "ordinary contract law principles and constru[ing] any ambiguities against the government." *United States v. Fowler*, 956 F.3d 431, 436 (6th Cir. 2020); *see also Griffin*, 854 F.3d at 914.

Martin does not claim that the waiver of appeal rights was involuntary or unknowing—nor would the colloquy at the plea hearing support such a claim. The specifics were reviewed with Martin and he confirmed that he understood that he waived the right to appeal or collaterally attack his conviction or sentence except on one of the five listed grounds. *See* Fed. R. Crim. P. 11(b)(1)(N). There can be no doubt that Martin's waiver included claims that the prosecution failed to file the search warrants or warrant return. The same is also true to the extent Martin's claim is essentially of error in the denial of his motion to suppress. Excepted from the waiver

provision, however, is a claim that "an attorney who represented [Martin] during the course of this criminal case provided ineffective assistance of counsel."

III.

A claim of ineffective assistance of counsel in connection with a plea-based conviction requires a defendant to demonstrate both that counsel's performance was deficient *and* that "the deficient performance prejudiced his defense such that there is 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]'" *Ferguson*, 669 F.3d at 762 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Generally, "a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005) (quoting *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)); *see also Ferguson*, 669 F.3d at 762 (discussing cases). Instead, a motion under 28 U.S.C. § 2255 is the preferred route for a defendant in federal custody to raise a claim of ineffective assistance of trial counsel. *Ferguson*, 669 F.3d at 762 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

Martin claims that his trial counsel rendered ineffective assistance of counsel by failing to secure a conditional plea that would have preserved his right to appeal the suppression issue. As in *Ferguson*, Martin rests his claim on the assertion that the motion to suppress should have been granted. We do not comment on those arguments and decline to address this claim on direct appeal because the record is not sufficiently developed to determine either the adequacy of counsel's representation or whether any deficiency was prejudicial. *See, e.g.*, *Massaro*, 538 U.S. at 505 (explaining that a limited record means there is "no way of knowing whether a seemingly unusual

or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse").

This appeal is **DISMISSED**.