NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0513n.06

Case No. 23-3075

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE NORTHERN DISTRICT OF</td></tr>
<tr><td>TRAYQWAN DUNLAP,</td><td>)</td><td>OHIO</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>OPINION</td></tr>
</table>

**FILED**
Dec 11, 2023
KELLY L. STEPHENS, Clerk

Before: BOGGS, READLER, and DAVIS, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Defendant Trayqwan Dunlap pleaded guilty to carjacking and firearm offenses. His appeal fails to present us with an issue appropriate for our review. His sentencing challenge is foreclosed by an appeal waiver in his plea agreement. And his ineffective assistance of counsel claim is better suited for a 28 U.S.C. § 2255 proceeding. We therefore affirm the judgment of the district court.

I.

Traveling on foot, Trayqwan Dunlap and a companion approached a woman refueling her vehicle at a convenience store. The companion pulled out a Glock pistol and demanded that the woman get out of the way. She complied, and the two piled into the vehicle before speeding away. Eventually, officers witnessed Dunlap driving the vehicle at a high rate of speed before crashing into a brick pillar near a commercial area. Officers pursued Dunlap into a nearby restaurant before

taking him into custody. He was later charged with one count of carjacking, in violation of 18 U.S.C. § 2119(1), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

As part of a written plea agreement, Dunlap pleaded guilty to the charges. In the agreement, the parties stipulated that, for sentencing purposes, the offense level for carjacking was 22, in accordance with U.S.S.G. § 2B3.1(b)(5), and that the firearm offense carried with it a mandatory seven-year consecutive term of imprisonment. The Sentencing Guidelines permit up to a three-level reduction to the offense level when a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. §§ 3E1.1(a)–(b). The government provisionally agreed to recommend this offense level reduction. To that end, the plea agreement contemplated a two-level reduction to the offense level under U.S.S.G. § 3E1.1(a) and an additional one-level reduction under § 3E1.1(b), all on the condition that Dunlap's conduct "continue[d] to reflect [his] acceptance of responsibility." The agreement likewise acknowledged that any such reduction "will be up to the Court at the time of sentencing." Further, the agreement contained a waiver barring Dunlap's appeal of his sentence in all but a few limited circumstances.

The probation office prepared a presentence investigation report, or PSR, which utilized a base offense level of 22 for the carjacking offense, as contemplated by the plea agreement. The PSR calculated a Guidelines range of 63 to 78 months of imprisonment for that offense and explained that the Guidelines range for the firearm offense is the minimum term required by statute, here seven years. *See* U.S.S.G. § 2K2.4(b). The PSR, however, did not recommend an adjustment for acceptance of responsibility because Dunlap had not yet provided a written acceptance of responsibility statement.

At sentencing, the district court followed the PSR and declined to apply the two-level acceptance of responsibility reduction to Dunlap's offense level under § 3E1.1(a). The government did not expressly state whether it believed Dunlap's conduct warranted the two-level adjustment, but it did not object to the PSR, which recommended denying the adjustment. Nonetheless, the government did recommend that the district court award a one-level adjustment under § 3E1.1(b). The district court, however, again declined, this time on the basis that § 3E1.1(b) does not apply absent a two-level reduction under the previous subsection. The district court sentenced Dunlap to 78 months of imprisonment for carjacking, followed by the mandatory consecutive seven-year sentence for the firearm offense.

II.

A. Dunlap contends that the district court erred in not adjusting his Guidelines offense level to reflect his acceptance of responsibility. Dunlap's plea agreement, however, waived most challenges to his sentence, a not uncommon practice in the district courts. *See, e.g.*, *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004) (explaining that when done "knowingly and voluntarily," "[c]riminal defendants may waive their right to appeal as part of a plea agreement"). Dunlap maintains that his sentencing appeal falls outside of the scope of his appellate waiver. We review that issue de novo. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

All agree that Dunlap's plea agreement bars appellate review of his sentence in all but a few circumstances. The exception Dunlap invokes is his reservation of the right to appeal "any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement." Dunlap's sentence, however, is consistent with the imprisonment range contemplated by the agreement. The parties agreed that the appropriate offense level for the

carjacking offense was 22, the level ultimately utilized at sentencing. And the district court's sentence falls within the Guidelines range for instances of an offense level of 22 and a criminal history score of IV (a score Dunlap has not contested).

True, the plea agreement envisioned the government recommending a three-level reduction for acceptance of responsibility, which Dunlap did not receive. But whether the reduction ultimately would be granted was laced with contingencies. One was the fact that the government was not required to argue in favor of a reduction should Dunlap's conduct not "continue[] to reflect [his] acceptance of responsibility." Two, and most notably, as the plea agreement expressly instructed, whether a reduction was in fact imposed was ultimately at the discretion of the district court. That the district court, in the end, did not award the downward adjustment does not undo Dunlap's appeal waiver. On this point, consider *United States v. Griffin*, 854 F.3d 911 (6th Cir. 2017). There, Griffin signed a plea agreement with language mirroring the language here. *Id*. at 912–13. At sentencing, the government opposed the proposed two-level downward adjustment for acceptance of responsibility due to Griffin's attempt to minimize his criminal conduct. *Id*. at 913–14. The district court, in turn, denied Griffin the adjustment. *Id*. at 914. Griffin appealed, arguing that his appellate waiver did not apply because the government agreed to the reduction in the plea agreement. *Id*. at 915. But the plea agreement, as here, committed the government only to recommending an adjustment, and, even then, only if "Defendant's conduct continues to reflect Defendant's acceptance of responsibility"; the agreement acknowledged that it would be up to the district court at sentencing to decide whether to award the adjustment. *Id*. at 913. That provision, *Griffin* explained, is not tantamount to a stipulation that would allow a defendant to avoid an appellate waiver should the provision not ultimately be honored by the district court. *See also United States v. English*, 520 F. App'x 428, 433 (6th Cir. 2013) (explaining that the government

4

did not stipulate to an acceptance of responsibility reduction when a plea agreement made clear that it was up to the district court to award the reduction).

We note one slight difference between this case and *Griffin*. There, the government expressly argued against the defendant being awarded an acceptance of responsibility adjustment, citing conduct it believed disqualified Griffin from being eligible for the adjustment. *Griffin*, 854 F.3d at 913. Here, the government appeared to agree with the PSR's recommendation that Dunlap not receive the full three-level adjustment, seemingly due to his failure to provide the probation officer with a written acceptance of responsibility statement. But the government did not say so expressly, as it did in *Griffin*, and the record here is not as robust in demonstrating why Dunlap was not deserving of an adjustment. Nonetheless, Dunlap does not argue that the government misled him or otherwise breached its agreement. *Cf. Puckett v. United States*, 556 U.S. 129, 132–34 (2009) (applying the plain error standard of review when Puckett argued for the first time on appeal that the government breached a plea agreement by not recommending a three-level reduction under U.S.S.G. § 3E1.1). So this case falls safely within the contours of *Griffin.*

In the end, we return to the fact that Dunlap's sentence did not exceed the maximum Guidelines range contemplated in the plea agreement. Accordingly, the appellate waiver applies, foreclosing our ability to consider the merits of Dunlap's sentencing challenge.

B. Dunlap also argues that he was denied effective assistance of counsel, in violation of the Sixth Amendment, because his trial attorney inadequately investigated his mental health records as a mitigating factor at sentencing. The initial and final PSRs, Dunlap notes, outlined his mental and emotional health, explaining that he had been diagnosed with attention deficit hyperactivity disorder and oppositional defiant disorder. It also explained that he is prescribed Trazadone and Concerta when not incarcerated, and that he had received mental health counseling

from an early age. Nevertheless, at sentencing, Dunlap's trial counsel stated that Dunlap was "untreated," prompting the district court to correct this statement on two occasions. From this record, Dunlap concludes that his counsel lacked knowledge of his mental health history, despite having ample time to investigate the matter for the purpose of mitigating Dunlap's sentence.

The plea agreement's appellate waiver expressly reserves Dunlap's right to raise a claim of ineffective assistance of counsel. But we have a "general rule" that a defendant may not raise an ineffective assistance of counsel claim for the first time on appeal, one we see no reason to depart from here. *See United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005). On direct appeal, the factual record typically has not been developed specifically for purposes of litigating an ineffective assistance claim. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). And testimony from the parties and the allegedly deficient counsel can help support the record, tasks that require the district court's participation. *Id*. at 505. So a motion under 28 U.S.C. § 2255 is the preferred method for raising such a claim. *Id*. at 504.

Dunlap urges a different path. As he notes, we enjoy discretion to hear an ineffective assistance of counsel claim on direct appeal "if we find that the parties have adequately developed the record." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2004). To Dunlap's mind, the record is sufficiently formulated to allow for review of his claim. But that "the record contains some indication of deficiencies in counsel's performance" does not mean that it is sufficient for us to assess whether trial counsel failed to pursue a reasonable strategy nor whether any error was prejudicial. *Massaro*, 538 U.S. at 504–05. What is more, the record does not reveal evidence of "the reasons underlying" any purported errors. *Id*. at 505. For example, the PSR explains that Dunlap failed to provide releases of information necessary to verify some of his mental health

history.  Any shortfalls by counsel may have been the result of Dunlap's own doing.  But we cannot determine this issue based only on the record before us.

Accordingly, we decline to review Dunlap's ineffective assistance of counsel claim at this stage.  He remains free to pursue those claims through a § 2255 motion.

*     *     *     *     *

We affirm the judgment of the district court.